■ JOHNNY BAKO, Respondent, v V. T. TRUCKING Co., Appel-

lant and Third-Party Plaintiff, et al., Third-Party Defendant. —Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about February 10, 1988, which granted plaintiff-respondent's motion to strike defendant-appellant's answer and to set a date for an inquest on damages, unanimously reversed, on the law and the facts and in the exercise of discretion, the motion denied and respondent directed to accept the $500 which appellant shall tender within 10 days of the date hereof, without costs.

Although the record indicates that appellant's counsel was less than diligent in meeting court deadlines, these derelictions did not warrant imposition of the severe sanction of striking appellant's answer. The papers submitted by respondent in support of its motion to strike acknowledged that appellant's failure to timely pay the $500 sanction imposed by the court was probably due to law office failure and not to any willful or contumacious behavior on the part of appellant. While the court could find no circumstance to excuse appellant's conduct, it made no finding that the conduct was willful, contumacious or due to bad faith. *(See, Bassett v Bando Sangsa Co.,* 103 AD2d 728 [1st Dept 1984]; *Mancusi v Middlesex Ins. Co.,* 102 AD2d 846 [2d Dept 1984].) Absent such a finding, the extreme sanction of striking a pleading is unwarranted, especially where the other party cannot show that it has been prejudiced *(Jet Asphalt Corp. v Consolidated Edison Co.,* 114 AD2d 489, 491 [2d Dept 1985]; *Epstein v Lenox Hill Hosp.,* 108 AD2d 616, 617 [1st Dept 1985]).

We note that the court's order of May 29, 1987, which conditionally granted respondent's ex parte oral application to strike appellant's answer for failure to appear at a preliminary conference in November 1986, was issued after appellant had appeared at the preliminary conference held on April 20, 1987. Moreover, that order granting respondent's motion to strike unless appellant paid a fine of $500 within 10 days after service of the order with notice of entry was not served on appellant until September 5, 1987. Appellant's tender of the fine a month and a half later was rejected by respondent. Inasmuch as the action was proceeding in due course and discovery had commenced, we find that it was an improvident exercise of discretion for the court to strike appellant's answer. Concur—Sullivan, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.