■ HARRIS CORPORATION, as Successor to LANIER BUSINESS PRODUCTS, INC., Appellant, v FEDERAL INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 17, 1988, which (1) granted defendant's motion to dismiss plaintiff's complaint, and (2) denied plaintiff's cross motion for an extension of time, nunc pro tunc, to respond to defendant's interrogatories, and the judgment of said court entered September 22, 1988, pursuant to said order dismissing the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion denied, the cross motion for an extension of time (to expire 20 days after service of a copy of the order to be entered hereon with notice of entry) granted, and the judgment vacated, without costs.

This is an action to recover upon an employee fidelity insurance policy issued by defendant to plaintiff. A "so-ordered" stipulation dated November 9, 1987 provided that plaintiff was to answer specified interrogatories, propounded by defendant, by December 1, 1987. The stipulation itself made some provision for the possibility that plaintiff might not be able to comply in full.

Plaintiff is a large, multinational corporation headquartered in Atlanta, Georgia, with branch offices throughout the country. Lanier Business Products, Inc. (Lanier) is only one of plaintiff's subsidiaries. The underlying action is based upon wrongful acts that allegedly occurred at a Long Island City warehouse owned and operated by Lanier, which wrongdoing occurred prior to Lanier's merger with plaintiff. These circumstances made the location of documents necessary to answer these interrogatories difficult.

Plaintiff made diligent efforts to locate the required documentation, both in New York and Atlanta, and all documents which were found delivered to defendant. During plaintiff's

document search, its counsel learned that many of the requested records had been turned over to the New York County District Attorney's (D.A.) office in connection with an investigation of plaintiff's dishonest employees. The D.A.'s office, however, when contacted, was unable to locate the bulk of the pertinent materials.

All of the foregoing circumstances impeded plaintiff's good-faith efforts in responding to the interrogatories.

Under these circumstances the motion court's imposition of dismissal, "the harshest available penalty" for failing to obey an order of disclosure *(Bassett v Bando Sangsa Co.,* 103 AD2d 728), was an improvident exercise of discretion, since it is evident from the foregoing that plaintiff's default in the discovery process was not willful or deliberate *(Cinelli v Radcliffe,* 35 AD2d 829; *cf., Sony Corp. v Savemart, Inc.,* 59 AD2d 676). Further, defendant failed to show any prejudice resulting from discovery delay, another reason for withholding "the extreme sanction of striking a pleading". *(Bako v V. T. Trucking Co.,* 143 AD2d 561, 562.) Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.