■ JAMES H. MAGIE, Appellant, v NEIL FREMON et al., Respondents. (And Another Related Action.)—Weiss, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered April 24, 1989 in Sullivan County, which, *inter alia,* granted defendants' motion to open a default judgment and permitted service of an answer, and (2) from an order of said court, entered August 3, 1989 in Sullivan County, which, *inter alia,* denied plaintiff's motion to reinstate the default judgment.

The first entitled action was commenced on June 29, 1987 charging conversion and demanding an accounting of the proceeds of a $288,146.43 State tax refund to defendant J.N.B. Properties, Inc. a corporation which had ceased conducting business activities. Thereafter, as a result of motions, adjournments and an amended complaint, defendants' answer was due during the middle of September 1988. Plaintiff sent several follow-up letters which were progressively more demanding and eventually made a motion for a default judgment originally returnable on January 6, 1989. In the absence of opposition, the motion was granted and an order was entered on February 28, 1989. Defendants immediately moved to vacate the default judgment and relief was granted in an order dated April 24, 1989, which directed defendant to serve his answer* within 10 days of receipt of the order. Defendant served the answer on May 10, 1989, three days beyond the 10-day limit. The answer was rejected as untimely and plaintiff moved for withdrawal of the April 24, 1989 order. This motion was denied and defendants were directed to re-serve the answer within 48 hours. Both orders included $500 sanctions separately imposed against defendants' counsel. Plaintiff now appeals, contending that defendants' excuse of law office failure was inadequate and that the showing of merit to the defense was insufficient.

---

* Defendant had served an answer on January 20, 1989 while the motion for a default judgment was pending which pleading was rejected by plaintiff.

Initially we note that a second action remains viable and had been joined for trial. That action, which involves many of the same issues, was before the same Justice who granted vacatur in the instant action. The court, familiar with all of the circumstances, found that law office failure was an acceptable excuse for the default and, further, that defendants in their affidavits had shown merit to their defense.

In assessing the validity of defendants' excuse of law office failure, the procedural history might well produce a conclusion that the default was willful. Nevertheless, CPLR 2005 specifically permits the court to exercise its discretion in the interest of justice and excuse a default resulting from law office failure. Absent a finding of willfulness or a deliberate default, oversights due to law office failure are generally liberally excused (see, Searing v Anand, 127 AD2d 582; Kenosian v Service, 126 AD2d 790) and the extreme sanction of a default judgment or dismissal is generally unwarranted absent a showing of prejudice (Bako v V. T. Trucking Co., 143 AD2d 561).

Defendants' attorney had apparently been involved in a major criminal matter in New York City and neglected the instant case. The problem was compounded by an incorrect marking in his diary of the motion for the default judgment. Counsel also mistakenly computed the 10-day time period within which to serve the answer afforded in the April 24, 1989 order by counting only business days. With this background, Supreme Court concluded in the interest of justice that the defaults were not willful and should be vacated. The court permitted the judgment to remain as security to plaintiff, thus eliminating prejudice should plaintiff ultimately prevail. The court further twice sanctioned defendants' attorney with fines totaling $1,000 and took stewardship of discovery to expedite the matter.

The power to dismiss actions for law office failure is not to be lightly implied (see generally, 2A Weinstein-Korn-Miller, NY Civ Prac ¶¶ 2005.01, 2005.02; see also, Tewari v Tsoutsouras, 75 NY2d 1, 13 [Kaye, J., concurring]). It is the client who is punished by denial of its day in court, not the attorney, and a malpractice action against the attorney may not provide an adequate substitute (supra).

We fail to find any abuse of discretion by Supreme Court and accordingly decline to disturb the orders.

Orders affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.