■ Robert J. McKay et al., Appellants, v Stuart Longman, Respondent, et al., Defendant. [605 NYS2d 564] —Casey, J. Appeal from an order of the Supreme Court (Harris, J.), entered January 20, 1993 in Albany County, which, *inter alia,* granted defendant Stuart Longman's motion to vacate a default judgment entered against him.

Supreme Court did not abuse its discretion in granting a motion by defendant Stuart Longman (hereinafter defendant) to vacate the default judgment entered by plaintiffs. As the moving party, defendant was required to demonstrate both a reasonable excuse for the default and a meritorious defense *(see, e.g., General Elec. Tech. Servs. Co. v Perez,* 156 AD2d 781, 783). Defense counsel averred that he prepared an answer in a timely fashion and directed his secretary to arrange service. He did not discover that the answer had not been served until plaintiffs sought a default judgment several months later. It is significant that one day after plaintiffs served their complaint defendant served a complaint on plaintiff Robert J. McKay which commenced an action based upon the same factual circumstances as plaintiffs' action. Immediately thereafter, the parties embarked upon a procedural course which involved numerous motions and the exchange of an inordinate number of documents, resulting in a record on appeal of more than 1,100 pages at this early state of the proceeding. It is apparent that neither party was aware of the absence of the answer for several months. In these circumstances, we see no basis to

disturb Supreme Court's exercise of discretion in concluding that the law office failure established by defendant constituted a reasonable excuse *(see,* CPLR 2005; *Magie v Fremon,* 162 AD2d 857).

Plaintiffs' complaint alleges fraud, negligence and breach of a fiduciary duty arising out of defendant's conduct in obtaining a mortgage on certain corporate real estate on behalf of plaintiff Whitfield Development Corporation. Defendant contends that not only was he authorized to obtain the mortgage, but he was required to do so by the shareholders' agreement between him and McKay. We agree with Supreme Court that defendant has alleged a meritorious defense. Although the shareholders' agreement was not executed until after defendant obtained the mortgage, there is evidence in the record that the terms of the agreement had been negotiated and agreed upon long before the agreement was formally executed.

Plaintiffs' claim that they were prejudiced by defendant's failure to serve the answer is meritless, as is their claim that defendant's default was willful. Supreme Court's order should therefore be affirmed.

Weiss, P. J., Cardona, White and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.