■ HEATHER HUNTER, Respondent, v ENQUIRER/STAR, INC., et al., Appellants. [619 NYS2d 268] —Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered on or about March 31, 1994, which, inter alia, granted plaintiff's motion pursuant to CPLR 5015 seeking to vacate the default judgments previously entered on July 23, 1992 against the plaintiff and in favor of the defendants, conditioned upon the payment by the plaintiff of the costs and disbursements of the motion, together with a $1,000 counsel fee per counsel to each of the defendants, and order and judgment (one paper) of said court and Justice entered June 2, 1994, to the same effect, unanimously affirmed, with costs payable by plaintiff to defendants.

An application to vacate an order of default may be granted if the movant can establish that the default was excusable and the existence of a meritorious claim. A determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court (CPLR 5015 [a] [1]; *38 Holding Corp. v City of New York,* 179 AD2d 486, 487). CPLR 2005 specifically permits the court to exercise its discretion in the interest of justice and excuse a default resulting from law office failure *(Magie v Fremon,* 162 AD2d 857, 858).

The IAS Court did not abuse its discretion since a review of the record reveals that movant established both an excusable default resulting from law office failure, in that, *inter alia,* essential paperwork, including stipulations, seeking the vacatur and to restore the matter to the trial calendar was inadvertently misplaced *(see, Paoli v Sullcraft Mfg. Co.,* 104 AD2d 333), and a meritorious claim, in the form of a personal affidavit from the plaintiff, a person with knowledge of the facts *(see, La Buda v Brookhaven Mem. Hosp. Med. Ctr.,* 62 NY2d 1014), reciting that the defendants' depiction of plaintiff, in their widely-distributed tabloids, as having had intimate relations with a prominent HIV-infected individual, and imputing that the plaintiff may have carried or contracted "a loathsome or communicable disease", was defamatory, false, and libelous per se *(Matherson v Marchello,* 100 AD2d 233, 236).

Nor was the delay in seeking vacatur dispositive, since the court has the inherent power to consider applications seeking relief from a default judgment made more than one year after entry of the default judgment (CPLR 2004; *Luna Baking Co. v Myerwold,* 69 AD2d 832). Finally, the IAS Court, in the exercise of its discretion, properly vacated the default conditioned upon the imposition of appropriate costs upon the movant *(see, Damselle, Ltd. v 500-512 Seventh Ave. Assocs.,* 184 AD2d 367, 368; *Paoli v Sullcraft Mfg. Co., supra,* at 334). Concur—Murphy, P. J., Sullivan, Kupferman and Asch, JJ.