■ PRESTON THOMAS et al., Respondents, v McGUIRE SERVICE CORP., Defendant, and CHEMICAL BANK BRANCH 93, Appellant. [674 NYS2d 348] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about June 5, 1996, which granted plaintiff's motion to strike Chemical's answer pursuant to CPLR 3126, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied and the answer reinstated.

Plaintiff Preston Thomas allegedly slipped and fell, suffering personal injury, due to Chemical's and McGuire's negligence in removing accumulated ice and snow in front of a Chemical Bank branch. Chemical's answer was stricken on the ground that it engaged in willful and contumacious conduct in violating a preliminary conference order by failing to produce a witness for examination before trial who could provide relevant information regarding the performance of McGuire's maintenance contract with Chemical.

Striking the answer here was an improvident exercise of discretion where plaintiffs failed to meet their burden of showing Chemical's conduct to be willful or contumacious (*see, Frye v City of New York*, 228 AD2d 182; *Bako v V.T. Trucking Co.*, 143 AD2d 561, 562). Chemical's conduct was not willful or contumacious where it timely produced two plausible witnesses, the witnesses' lack of knowledge of the specific information sought notwithstanding. The failure to produce the third witness, the supervisor of the maintenance department, was duly explained (*see, Read v Dickson*, 150 AD2d 543), i.e., by illness and termination of employment, and Chemical subsequently endeavored to secure his presence by providing plaintiffs with his last known address, for subpoena purposes, and by assigning an investigator to locate him. Moreover, plaintiff was not prejudiced by the nonproduction of this witness (*see, Bako v V.T. Trucking Co., supra*), since the informa-

tion sought would have included maintenance contracts and snow-removal records from the date of plaintiff's injury, which would have likely been helpful to Chemical by confirming McGuire's testimony regarding his contractual relationship with Chemical and how his company proceeded with snow removal as needed without contacting Chemical. The assertion that the witness's termination was a result of this litigation is sheer speculation. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.