■ TERRY MOTHON, Respondent, v ITT HARTFORD GROUP, INC., Appellant. [755 NYS2d 468] —Kane, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 10, 2002 in Saratoga County, which denied defendant's motion to vacate a default judgment entered against it.

This case arises from a disclaimer of coverage by defendant in an underlying personal injury action against plaintiff. In January 1998, plaintiff was involved in an altercation with Roger Sherman during which plaintiff stabbed Sherman in the eye, resulting in the total loss of vision in that eye. Plaintiff was convicted of assault in the second degree after a jury trial. Sherman's father, individually and as Sherman's guardian, commenced an action in Saratoga County against plaintiff's grandfather, defendant's insured, who was alleged to be plaintiff's legal guardian, and plaintiff's father for personal injuries sustained in the fight. After the pleadings were received by defendant, it disclaimed liability on the ground that the insurance policy expressly excluded liability coverage for bodily injuries "[w]hich [are] expected or intended by the insured," and it commenced a declaratory judgment against plaintiff's father, grandfather and Sherman's father in New York County on January 14, 1999, seeking a declaration of rights and obligations under the policy. Counsel for Sherman's father timely answered; however, counsel for plaintiff's father and grandfather did not submit an answer until more than a year later on September 1, 2000. Defendant, through its counsel, Thomas Keane, accepted the late answer.

While both actions were still pending, plaintiff commenced this declaratory judgment action in Saratoga County seeking a declaration of the rights and legal relations of the parties concerning the insurance policy. Defendant was served through its agent on October 16, 2000. The summons and complaint were forwarded to Keane, who contacted plaintiff's counsel some time after November 15, 2000. Plaintiff's counsel claims to have extended the time to answer for "a week or two," while

Keane claims the extension was to December 22, 2000. In any event, Keane failed to answer before December 22, claiming that while he had timely prepared an answer, he forgot to mail it until he received a letter from plaintiff on December 28, 2000. The December 28 letter reveals that plaintiff was still willing to accept the answer if defendant agreed to transfer its New York County declaratory judgment action to Saratoga County. Defendant refused to do so and instead mailed the answer to plaintiff's counsel on December 28, 2000, which was received January 2, 2001.*

By notice of motion dated January 8, 2001, plaintiff moved for leave to enter a default judgment against defendant. Due to defendant's counsel's trial commitments at that time, his firm's paralegal requested, and was granted, an adjournment of the motion return date to February 12, 2001. However, no opposition papers were filed or served on behalf of defendant and, thus, on March 28, 2001, plaintiff's motion for leave to enter a default judgment was granted. Thereafter, in May 2001, Supreme Court scheduled a conference to determine defendant's defense and indemnification of plaintiff. However, the conference was adjourned to June 21, 2001, at which point defendant's counsel informed the court that he was scheduled for trial at that time and he intended to move to have the default vacated. The motion was not filed by Keane and defendant hired new counsel, who unsuccessfully moved to vacate the default judgment, prompting this appeal.

While we can well appreciate the frustration of Supreme Court with counsel's neglect, we must reverse. It is axiomatic that a party seeking to be relieved of its default must establish both a reasonable excuse for the default and a meritorious defense (see CPLR 5015 [a] [1]), "as well as an absence of willfulness and a lack of prejudice to the opposing party" (*Frank v Martuge*, 285 AD2d 938, 939, citing *Asterino v Asterino & Assoc.*, 275 AD2d 517, 519). "In assessing the validity of defendant['s] excuse of law office failure, the procedural history might well produce a conclusion that the default was willful. Nevertheless, CPLR 2005 specifically permits the court to exercise its discretion in the interest of justice and excuse a default resulting from law office failure. Absent a finding of willfulness or a deliberate default, oversights due to law office failure are generally liberally excused and the extreme sanction of a default judgment or dismissal is generally unwarranted absent a showing of prejudice" (*Magie v Fremon*, 162 AD2d 857, 858 [citations omitted]; *see Drucker v Ward*, 293

---

* The two actions have since been consolidated in Saratoga County.

AD2d 891, 892). Here, Keane had unconditionally accepted the insured's answer in the New York County declaratory judgment action, even though defendant was over a year late in serving the answer. Keane's answer, on the other hand, was as little as six days, or as much as two weeks, late when it was rejected by plaintiff. Keane's failure to serve due to the Christmas holiday, as well as his failure to answer the default judgment motion allegedly due to a paralegal's failure to diary the return date, is nothing more than law office failure. Keane further alleges that he did not promptly move to vacate the default judgment because the judgment and a transmittal letter had been inadvertently filed in an unrelated closed file. Upon learning of Keane's errors, defendant replaced counsel and the motion to vacate the default judgment was then promptly made. Based upon the circumstances here, such conduct is more properly characterized as neglect rather than an intentional fault on the part of defendant and, absent a showing of prejudice, the extreme sanction of a default judgment or dismissal is not warranted (*see Magie v Fremon, supra* at 878; *Bako v V.T. Trucking Co.*, 143 AD2d 561, 562).

We agree with Supreme Court's conclusion, and it does not appear to be disputed by plaintiff, that defendant has adequately demonstrated that it may have a meritorious defense. In light of the foregoing, particularly as the record does not demonstrate that defendant acted willfully or that plaintiff was prejudiced, we exercise our discretion (*see Brady v Ottaway Newspapers*, 63 NY2d 1031, 1033) and find that the interest of justice would best be served by vacating the default judgment and permitting defendant to defend the action on its merits.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, as a matter of discretion in the interest of justice, without costs, motion granted, default judgment vacated, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.