■ DAVID VITA et al., Respondents, v ALSTOM SIGNALING, INC., Appellant. [764 NYS2d 864] —In an action to recover damages for personal injuries, etc., the defendant appeals (1) from an order of the Supreme Court, Kings County (Barasch, J.), dated November 21, 2002, which, inter alia, granted the plaintiffs' motion for leave to enter judgment against it upon its failure to appear or answer, and (2), as limited by its brief, from so much of an order of the same court dated December 19, 2002, as denied those branches of its motion which were for leave to renew, and upon renewal, to vacate the default and to compel the plaintiffs to accept its answer.

Ordered that the order dated December 19, 2002, is reversed insofar as appealed from, on the law and as a matter of discretion, that branch of the defendant's motion which was for leave to renew is granted, upon renewal, the order dated November 21, 2002, is vacated, that branch of the plaintiffs' motion which was for leave to enter a default judgment is denied, the branches of the motion which were to vacate the default and to compel the plaintiffs to accept the answer are granted, and the defendant's answer is deemed served; and it is further,

Ordered that the appeal from the order dated November 21, 2002, is dismissed as academic in light of our determination of the appeal from the order dated December 19, 2002; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Although a motion for leave to renew is intended to bring to the court's attention new or additional facts which were in existence at the time the original motion was made, but were unknown to the movant, "[t]his requirement * * * is a flexible one and the court, in its discretion, may also grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made" (*Tishman Constr. Corp. of N.Y. v City of New York,* 280 AD2d 374, 376 [2001]; *see* CPLR 2221 [e]; *Liberty Mut. Ins. Co. v Allstate Ins. Co.,* 237 AD2d 260, 262 [1997]). Here, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew (*see Brady v Ottaway Newspapers,* 63 NY2d 1031 [1984]; *Moore v Eyzenberg,* 290 AD2d 542 [2002]).

The defendant proffered an excuse of law office failure that was reasonable under the facts of this case. "CPLR 2005 specifically permits the court to exercise its discretion in the interest of justice and excuse a default resulting from law office failure" (*Mothon v ITT Hartford Group,* 301 AD2d 999, 1000 [2003]; *Castillo v Garzon-Ruiz,* 290 AD2d 288, 290 [2002]). Where, as here, there is no evidence of willfulness, deliberate default, or prejudice to the plaintiffs, the delay in answering the complaint was brief, and the defense is meritorious, the interest of justice is best served by vacating the default and permitting the case to be decided on its merits (*see Mothon v ITT Hartford Group, supra*). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.