*953 OPINION OF THE COURT
Andrea Masley, J.
Respondent mother, Kenia A., moves to vacate a final order of custody to petitioner father, James B., entered on default on April 22, 2010, when she failed to appear on three separate occasions for trial.
In her reasoned findings of fact and final order of custody to the father, dated April 22, 2010, Referee Cooper, after inquest, (1) rejected the mother’s written request for an adjournment because (a) it was untimely, filed two days before the trial when the matter had been marked final because the mother failed to appear on a prior trial date, and (b) failed to state a reason for the requested adjournment; and (2) found it was in the best interest of the child for the father to have custody. Referee Cooper found the father credible, including his testimony that the mother called him on April 22, 2010 and stated, “I’m tired of court and I’m not going to that shit.”[1]
Esteban was born February 8, 2009. Mr. B. filed a petition for joint custody on March 19, 2009 (V-6726/09). Ms. A. filed for custody (V-07593/09) on March 30, 2009 which was dismissed for no appearance on April 21, 2009. On June 26, 2009, she filed for custody (V-16036/09) which was dismissed on April 22, 2010 for no appearance. Ms. A. filed a petition for custody on May 24, 2010 (V-13989/10). Both parties filed family offense petitions against the other in April and May 2010 when the matters were transferred to this part.
Mr. B. argues that mother was absent on September 15, 2009, February 11, 2010 and April 22, 2010 without valid excuses and lacks a meritorious defense.
Ms. A.’s excuse for her September 15, 2009 absence was that she was sick. She relies on medical records which indicate she went to the hospital on September 12, 2009 for an earache and dizziness. Although Ms. A. states that she has the very serious illness sickle cell anemia, nothing in the medical records indicates that her discomfort on September 12, 2009 had anything to do with sickle cell. After a CT scan and blood tests were completed, she was released from the hospital with instructions to see her doctor or return to the hospital if her symptoms worsened. There is no indication she was hospitalized. There is *954 no explanation of how the illness on September 12 prevented her from going to court on September 15, 2009.
Ms. A. claims to have had childcare problems on February 11, 2010, when her mother, who was to provide childcare, came home from work at 10:00 a.m., a two-hour delay caused by snow the day before. The case was scheduled as a general call on February 11, 2010. However, Ms. A. decided not to come to court reasoning that it would take her 45 minutes to get to the court. Mr. B. argues that there is a children’s center in the courthouse which the mother has used during some of her prior appearances in court. Further, Mr. B. points out that a highly disputed issue in this case is Ms. A.’s use of a babysitter to whom Mr. B. objects. Although Ms. A. claims the babysitter is licensed, and regularly sits for the baby, she was not used on February 11, 2010.
Ms. A.’s excuse for her April 22, 2010 absence was that she had a public assistance eligibility review which was in conflict with the court appearance. The April 13, 2010 eligibility notice clearly provides a number to call to arrange a different time for the appointment. Ms. A. states that on April 21, 2010 at 10:40 a.m., she called her County Law article 18-B attorney who assured her that an adjournment would be granted; phone records provided by Ms. A. show a call was made. However, that attorney failed to appear on April 22, 2010 for the time certain trial scheduled for 11:00 a.m.
CPLR 5015 (a) (1) provides that the court may relieve a party from its judgment on the basis of excusable default if the motion is made within one year after the judgment has been served. The party seeking to vacate a default must show both a reasonable excuse and a meritorious defense. (Matter of Jaynices D. [Yesenia Del V.], 67 AD3d 518, 519 [1st Dept 2009].)
Ms. A. may have a meritorious defense. First, it is undisputed that Ms. A. was the primary caretaker of the child from birth on February 8, 2009 until April 22, 2010. Further, Ms. A. and Mr. B. claim to be the victims of domestic violence. Domestic Relations Law § 240 requires the court to consider domestic violence before awarding custody.[2] In her family offense petition, Ms. A. alleges that Mr. B. kicked her as they entered a *955 mediation session in court on April 19, 2010. On April 26, 2010, Ms. A. filed a family offense petition based on the April 19, 2010 incident only (0-10825/10). However, in her motion papers, Ms. A. states in her affidavit that in 2007, Mr. B. slammed her against the wall and strangled her. Ms. A. also states that Mr. B. slapped her often. Ms. A. alleges that on June 9, 2009, Mr. B. attempted to break her door down. She called the police and on June 10, 2009, she went to Family Court, filed a family offense petition, and got an order of protection (0-14386/09). She withdrew the family offense petition on October 9, 2009. Ms. A. also filed a family offense petition on March 23, 2009 which was dismissed for no appearance on April 21, 2009 (0-07028/09). On May 10, 2010, Mr. B. filed a family offense petition against Ms. A. alleging that she has threatened to have him injured by others and to ruin his life unless he complies with her demands for custody (0-12150/10). However, domestic violence is not mentioned by Referee Cooper in her findings of fact which indicates that it was not mentioned at the inquest. The trial on the family offense petitions is scheduled for August 4, 2010.
The court finds that Ms. A.’s excuses are not reasonable. Regarding her failure to appear on April 22, 2010, Ms. A.’s argument that she had a “mandatory” home study is contradicted by the notice itself which states the appointment can be changed by calling a listed number. Ms. A. fails to offer any explanation for her failure to contact the court or her attorney until April 21, 2010 when the notice of the alleged mandatory home study is dated April 13, 2010. Ms. A.’s childcare dilemma on February 11, 2010 is controverted by the childcare options known to be available to her. Ms. A.’s absence on September 15, 2009 is not supported with any convincing evidence. Ms. A.’s statement to Mr. B. on April 22, 2010 that she refused to come to court shows willfulness and undermines her other excuses for not coming to court. (See Brown v Suggs, 38 AD3d 329 [1st Dept 2007].) Rather, her obstructionist behavior appears to be a misguided strategy to prevent the father from proceeding on his *956 petition for custody which cannot be countenanced. (See Baruch v Baruch, 224 AD2d 649 [2d Dept 1996].) Indeed, Referee Cooper put a stop to it. It should now be clear to Ms. A. that the court will not tolerate such behavior. While Ms. A.’s flagrant disregard for the court and rule of law will not be overlooked, the court will vacate the default on condition for two reasons.
First, matters should be resolved on the merits. (Matter of Lee v Morgan, 67 AD3d 681 [2d Dept 2009] [law favors resolution on the merits when child custody is at issue].) Where there are serious allegations of domestic violence or child custody is involved, a more liberal approach is applied to the CPLR 5015 analysis favoring disposition on the merits. (Salley v Salley, 258 AD2d 454 [2d Dept 1999].) Here, both parties raise serious allegations of domestic violence which must be considered by the court in determining custody.
Second, the court cannot visit counsel’s nonappearance on the client. “It is the client who is punished by denial of its day in court, not the attorney, and a malpractice action against the attorney may not provide an adequate substitute.” (Magie v Fremon, 162 AD2d 857, 858 [3d Dept 1990].) Accordingly, the court will vacate the default to allow Ms. A. to defend on the merits, but the court will keep the default in place as security while the trial proceeds. (Rooney Pace, Inc. v Braverman, 74 AD2d 555 [1st Dept 1980] [error not to set condition when vacating a default]; Green v Green, 276 App Div 778 [2d Dept 1949] [defendant’s motion to open default, caused by defendant’s attorney’s unnecessary delay in divorce trial, granted upon condition to be ready for trial].)
Accordingly, it is ordered that the motion to vacate is granted on condition that Ms. A. appear for the custody trial. If Ms. A. fails to appear for trial, the default shall be reinstated and the final order of custody to the father shall issue; and it is further ordered, that the court shall restore custody petitions V-6726/09 and V-13989/10 to its calendar and the parties shall appear for a custody trial.

. Ms. A.’s phone records, submitted in support of this motion to vacate the default, do evidence that a call was made on April 22 around the time of the trial.

. Domestic Relations Law § 240 (1) (a) provides:
“Where either party to an action concerning custody of or a right to visitation with a child alleges in a sworn petition or complaint or sworn answer, cross-petition, counterclaim or other sworn responsive pleading that the other party has committed an act of *955 domestic violence against the party making the allegation or a family or household member of either party, as such family or household member is defined in article eight of the family court act, and such allegations are proven by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child, together with such other facts and circumstances as the court deems relevant in making a direction pursuant to this section and state on the record how such findings, facts and circumstances factored into the direction.”