Gargano v Morey (2018 NY Slip Op 06883)





Gargano v Morey


2018 NY Slip Op 06883


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-06392
 (Index No. 608026/15)

[*1]Salvatore Gargano, et al., appellants, 
v
Michael Morey, et al., defendants, Christopher Baum, et al., respondents.


Luibrand Law Firm, PLLC, Latham, NY (Kevin A. Luibrand of counsel), for appellants.
Kevin M. Baum, Rockville Centre, NY (Michal Gasparski of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered May 9, 2017. The order granted the second renewed motion of the defendants Christopher Baum and Baum & Bailey, P.C., pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and to extend their time to answer the complaint.
ORDERED that the order is affirmed, with costs.
The Supreme Court providently exercised its discretion in granting the second renewed motion of the defendants Christopher Baum and Baum & Bailey, P.C. (hereinafter together the Baum defendants), pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and to extend their time to answer the complaint. The evidence in the record established that the Baum defendants' failure to serve a timely answer was not willful, the Baum defendants never intended to abandon the action, there were reasonable excuses for the delay (see Young Su Hwangbo v Nastrok, 153 AD3d 963, 965; Vita v Alstom Signaling, 308 AD2d 582), and the Baum defendants had potentially meritorious defenses (see Siemsen v Mevorach, 160 AD3d 1004; Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007).
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court