| Galindo v City of New York |
|:---:|
| 2024 NY Slip Op 32236(U) |
| July 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152157/2021 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LISA S. HEADLEY</u>      PART      **28M**

*Justice*

-----------------------------------------------------------------------------X

JOVAN GALINDO,

           Plaintiff,

- v -

THE CITY OF NEW YORK, CONOR DOHERTY, RYAN MCHALE

           Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152157/2021 |
| MOTION DATE | 03/27/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75

were read on this motion to/for          DISMISS          .

Before the Court is the motion filed by the defendants, Conor Doherty ("Doherty") and Ryan McHale ("McHale"), (collectively, referred to as the "Officer Defendants") for an Order, pursuant to *CPLR §3211(a)(8),* to dismiss the complaint for improper service and to dismiss all claims asserted against the Officer Defendants. The Officer Defendants are also seeking an Order to renew their motion to dismiss filed under sequence number 003, pursuant to *CPLR §2221(e)*. Plaintiff, Jovan Galindo ("Plaintiff"), filed a cross-motion for an Order, pursuant to *CPLR §306-b,* granting an extension to serve the complaint upon defendants. Defendants filed opposition and Plaintiff filed a reply.

## I.    <u>Background</u>

This action stems from plaintiff's claims that he sustained serious injuries on January 30, 2020, when he was allegedly falsely arrested, falsely imprisoned, assaulted, battered, subjected to excessive force, and maliciously prosecuted by police officers inside the Fulton Street subway station in Manhattan. On March 28, 2023, the Officer Defendants previously sought to dismiss this action for lack of personal jurisdiction, and the Court issued an Order on August 7, 2023, denying the Officer-defendants' motion to dismiss, and granting the plaintiff's cross-motion for time to serve the complaint. (*See, Exhibit 1, NYSCEF Doc. No. 58).* This Court also notes that the City of New York was previously dismissed from this action on August 7, 2023. *Id.*

## II.    <u>Officer Defendants' Motion to Dismiss</u>

In this motion, the Officer Defendants now seek to dismiss this action for the plaintiff's failure to effectuate service of the summons and complaint. In support of the motion, the Officer Defendants submit their own affidavits. Defendant Doherty attests that he is a Sergeant with the

**152157/2021 GALINDO, JOVAN vs. THE CITY OF NEW YORK ET AL**
Motion No. 003

**Page 1 of 5**

Metropolitan Transportation Authority Police Department, and he was never personally served at his workplace with a copy of the summons or complaint in this case. (*See, NYSCEF Doc. No. 57*). Defendant McHale attests that he is also a Sergeant with the Metropolitan Transportation Authority Police Department, and he was never personally served at his workplace with a copy of the summons or complaint in this case. (*See, NYSCEF Doc. No. 59*).

Officer Defendants argue, *inter alia,* that Plaintiff failed to exercise reasonable diligence in attempting service and failed to demonstrate good cause. Officer Defendants contend that the plaintiff was given instructions on how to properly serve Officer Defendants by in-house counsel for the Metropolitan Transportation Authority, and plaintiff was also granted a second opportunity to properly serve defendants by the Court in its Decision and Order dated August 7, 2023. *(See, Exhibit 1, NYSCEF Doc. No. 58).* Pursuant to the August 7, 2023, Order, this Court directed the Plaintiff to serve the summons and complaint upon the Officer Defendants, to file proof of service within 30 days from service of a copy of this order with notice of entry, which plaintiff failed to do. Officer Defendants argue that even after several opportunities, the plaintiff has failed to properly serve the Officer Defendants. Therefore, the Officer Defendants argue that the plaintiff's complaint should be dismissed.

### III.  Plaintiff's Opposition to the Motion to Dismiss and Cross-Motion to Extend Time to Effectuate Service

In opposition to the Officer Defendants' motion to dismiss, and in support of plaintiff's cross-motion to extend time to serve the complaint, plaintiff submits the affirmation of Peter May, Esq. ("Mr. May") an associate at Subin Associates, LLP ("Subin"), the attorneys of record for plaintiff.

Plaintiff argues that his attorneys hired a process server company called Lexitas to serve both the Court's decision and order, and the summons and complaint. However, Mr. Mays attests in his attorney affirmation that because of a miscommunication between Lexitas and Mr. May, Lexitas only served the Court's decision and order upon the Officer Defendants. Mr. May attests that after he received confirmation of service by Lexitas via affidavits of service, he failed to thoroughly review the affidavits to ensure that the plaintiff complied with both aspects of the Court's order, however, the error was an oversight and should be excusable on the basis of law office failure.

As to the cross-motion for an Order granting plaintiff a second extension of time to serve the summons and complaint, plaintiff argues that he has demonstrated good cause for the extension. Plaintiff insists that due to a miscommunication between plaintiff's counsel and the process server, the summons and complaint were not served on the Officer Defendants. Plaintiff further argues that the Officer Defendants would not be prejudiced since they are already aware of this case and since discovery is in the early stages, deposition of all parties have yet to be completed, and defendants would not be hindered in the preparation of their defense. Plaintiff argues that in the interest of justice, the Court should allow plaintiff time to effectuate service of the summons and complaint. Plaintiff asserts that this action has merit, and public policy requires that cases be decided on the merits. Therefore, the plaintiff argues that the cross-motion for an extension of time

**152157/2021   GALINDO, JOVAN vs. THE CITY OF NEW YORK ET AL**                    **Page 2 of 5**
**Motion No.  003**

2 of 5

to serve the summons and complaint again should be granted, and the Officer Defendants' motion to dismiss should be denied.

### IV.    Officer Defendants' Opposition to Plaintiff's Cross-Motion and Reply

The Officer defendants argue that the Plaintiff's reliance on the law office failure excuse is without merit because plaintiff's counsel acknowledged that he never instructed the process server to serve the defendants with the summons and complaint. The Officer defendants argue plaintiff has failed to establish good cause since plaintiff lacked reasonable due diligence in attempting service since this is Plaintiff's third failed attempt to serve the Officer Defendants with the summons and complaint within 30 days from the August 7, 2023, decision and order. (*See, NYSCEF Doc. No.* 58).

### V.    Plaintiff's Reply in Further Support of the Cross-Motion

Plaintiff's counsel argues, *inter alia*, that he has established due diligence in attempting to effectuate service because Mr. May, in his e-mail to the process service, instructed the process server to serve the summons and complaint, provided the defendant officers' assignments, and suggested the best way to attempt service. Plaintiff argues that although Mr. May admitted he did not thoroughly review the confirmation notice from Lexitas, such failure does not amount to a pattern of persistent and willful inaction, dilatory behavior, or willful default, but rather this was a clerical oversight amounting to reasonable law office failure.

### VI.    Discussion

*CPLR § 3211(a)(8)* states: "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that the court has no jurisdiction of the person of the defendant." *See, CPLR § 3211(a)(8). CPLR §306-b* provides that "service of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause shall be made within one hundred twenty days after the commencement of the action or proceeding…If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." *See, CPLR §306-b.*

"The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant." *Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95, 106 (2001).

**152157/2021   GALINDO, JOVAN vs. THE CITY OF NEW YORK ET AL**                    Page 3 of 5
**Motion No.  003**

3 of 5

[* 3]

The Court's Decision and Order dated August 7, 2023, (*See, NYSCEF Doc No. 58)* directed plaintiff to complete service of the Summons and Complaint upon the Officer Defendants within 30 days of the Court's Decision and Order. Plaintiff attempted service upon one of the Officer Defendants on August 10, 2023, and the other on August 15, 2023, but on both occasions the Officer Defendants were only served with the decision and order and not the summons and complaint.

Here, the Plaintiff's counsel acknowledged in the affirmation filed with this Court that they failed to properly effectuate service of the summons and complaint against the Officer defendants, Conor Doherty, and Ryan McHale. Plaintiff's counsel insists that it was his lack of due diligence in sending the summons and complaint to the process server, Lexitas, and neglecting to confirm that the process server received the summons and complaint to serve upon the Officer Defendants. The plaintiff asserts in their cross-motion that law office failure applies here, therefore this action should not be dismissed. "The determination of what constitutes reasonable excuse for a default lies within the sound discretion of the trial court." *See, Hunter v. Enquirer/Star Inc.,* 210 A.D.2d 32 (1st Dep't 1994).

The *Rule 4(m) of the Federal Rules of Civil Procedure* "provides a useful template in discussing some of the relevant factors for an interest of justice determination." *See, e.g., AIG Managed Mkt. Neutral Fund v. Askin Capital Mgt.,* 197 F.R.D. 104, 109 (S.D. N.Y.). This statute "empowers a court faced with the dismissal of a viable claim to consider any factor relevant to the exercise of its discretion. No one factor is determinative - the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served." *Leader v. Maroney, Ponzini & Spencer, supra.*

Here, the Plaintiff's cross-motion for an extension of time is granted, within the interest of justice, as the plaintiff has demonstrated good cause, and the Court finds that there would be no prejudice to the defendants, who are aware of this action. As such, the plaintiff is directed to serve the Officer Defendants with the Summons and Complaint within 30 days of the date of this Decision and Order.

Accordingly, it is hereby

**ORDERED** that the motion to dismiss, filed by defendants Conor Doherty and Ryan McHale, to dismiss the complaint, pursuant to *CPLR §3211(a)(8),* for improper service is DENIED; and it is further

**ORDERED** that the portion of the motion to dismiss by defendants, seeking an order to renew their motion to dismiss filed under sequence number 003, pursuant to *CPLR §2221(e)*, is denied in the court's discretion; and it is further

**ORDERED** that the Plaintiff's cross-motion to grant an extension of time to serve the summons and complaint, pursuant to *CPLR §306-b*, is GRANTED and the plaintiff shall serve this Summons and Complaint on the Officer defendants within 30 days; and it is further

**ORDERED** that any relief sought not expressly addressed herein has nonetheless been considered; and it is further

**152157/2021   GALINDO, JOVAN vs. THE CITY OF NEW YORK ET AL**            **Page 4 of 5**
**Motion No. 003**

4 of 5

**ORDERED** that within 30 days of entry, movant-defendants shall serve a copy of this decision/order upon all parties with notice of entry.

This constitutes the Decision/Order of the Court.

| 7/3/2024 | | LISA S. HEADLEY, J.S.C. |
|---|---|---|
| **DATE** | | |

CHECK ONE:  [ ] CASE DISPOSED   [X] NON-FINAL DISPOSITION

[ ] GRANTED   [X] DENIED   [ ] GRANTED IN PART   [ ] OTHER

APPLICATION:   [ ] SETTLE ORDER   [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:   [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE

**152157/2021   GALINDO, JOVAN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  003**

Page 5 of 5

5 of 5