■ LESLIE GOODSILL, as Parent and Natural Guardian of FREDERICK GOODSILL, an Infant, Appellant, v MIDDLEBURGH LITTLE LEAGUE, Respondent. [623 NYS2d 414] —White, J. Appeal from an order and judgment of the Supreme Court (Hughes, J.), entered December 8, 1993 in Schoharie County, which, inter alia, upon reconsideration, adhered to its prior decision granting defendant's motion for summary judgment dismissing the complaint.

On August 3, 1986, Frederick Goodsill, a member of the Middleburgh Little League All-Star Team, was being driven to a baseball game that was going to be played in the Town of Davenport, Delaware County. Frederick, along with six other boys, was riding in the bed of a pickup truck being operated by Alan Guernsey. Unfortunately, Frederick, who was sitting on the truck's tailgate, fell off the truck onto the pavement, sustaining serious personal injuries.

Thereafter, plaintiff commenced this negligence action seeking damages and derivative losses. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Plaintiff's former attorney did not file opposing papers or appear in opposition to the motion. Ultimately, Supreme Court granted the motion on the merits. When plaintiff retained new counsel, a motion was made to vacate the default judgment pursuant to CPLR 5015 (a) (1). Supreme Court granted the motion, but then proceeded to reconsider defendant's prior motion for summary judgment. Upon reconsideration, Supreme Court adhered to its prior decision which resulted in a dismissal of the complaint. Plaintiff appeals.

In our view, Supreme Court erred in proceeding to reconsider defendant's prior summary judgment motion without providing notice to plaintiff since defendant did not request such relief by notice of cross motion or in its attorney's affidavit (see, Lebovits v PSFB Assocs., 168 AD2d 785; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2215:1, at 124). Instead, defendant's attorney indicated that if plaintiff's motion was granted, the relief should be limited to the extent of allowing plaintiff to reargue

the motion for summary judgment. Nor did the parties unequivocally indicate that they were deliberately charting a summary judgment course or that this case involved a purely legal question rather than issues of fact, thereby obviating the need for notice *(see, Mihlovan v Grozavu,* 72 NY2d 506, 508; *McGill v Parker,* 179 AD2d 98, 106).

Moreover, Supreme Court's action was prejudicial to plaintiff because the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is not as great as that required to successfully oppose a motion for summary judgment *(compare, Bergen v 791 Park Ave. Corp.,* 162 AD2d 330, *with Northside Sav. Bank v Sokol,* 183 AD2d 816). Lastly, since defendant concedes that Guernsey was its agent, plaintiff was further prejudiced by the fact he was not afforded an opportunity to pursue discovery to determine the scope of Guernsey's authority. Such proof is critical because it might defeat defendant's motion by bringing defendant within the exception to the general rule that a defendant has no duty to control the conduct of third persons so as to prevent them from harming others *(see, D'Amico v Christie,* 71 NY2d 76, 88).

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order and judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted summary judgment in favor of defendant, and, as so modified, affirmed.