■ Donna Winney, Respondent, v County of Saratoga, Appellant. [676 NYS2d 356] —White, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 8, 1997 in Saratoga County, which, inter alia, granted plaintiff's motion to vacate a default judgment entered against her.

On February 9, 1992, plaintiff sustained personal injuries when the vehicle she was operating ran off County Route 7 in the Town of Edinburg, Saratoga County, and went down an embankment. Thereafter, in April 1993 plaintiff, through her

attorney, Richard Insogna, commenced this personal injury action alleging, *inter alia*, that defendant negligently designed, constructed and maintained Route 7 in that it failed to place guardrails in the area where the accident occurred. The next recorded event happened on May 23, 1995 when Supreme Court established an October 30, 1995 trial date. This evidently prompted defendant to move for summary judgment returnable June 19, 1995. Insogna did not submit opposing papers; instead Supreme Court received a letter, dated June 19, 1995, from attorney Robert Krzys advising that Insogna was disabled as a result of a severe accident in November 1994 that left him with little, if any, use of his left arm. In view of this, Krzys did not "believe that it would be proper for your Honor to sign [defendant's] Order, by reason of CPLR 321 (c)". Defendant disagreed, claiming that there was insufficient proof to support the invocation of CPLR 321 (c). Despite its position, defendant, without notice to Supreme Court, on July 11, 1995 served a notice to appoint another attorney within 30 days upon plaintiff. Having no knowledge of this notice, Supreme Court, on August 8, 1995, denied the request for a stay pursuant to CPLR 321 (c) and issued an order granting defendant's motion. Plaintiff then retained substitute counsel who brought on a motion to vacate Supreme Court's order. Supreme Court granted the motion pursuant to CPLR 5015 (a) (4), reasoning that it should not have signed defendant's order during the 30-day period following the service of the notice to appoint another attorney. Defendant appeals.

We affirm but on different grounds. Insofar as relevant here, CPLR 321 (c) provides that when an attorney becomes physically incapacitated at any time before judgment, no further proceedings can be taken in the action against his or her client, without leave of the court, until 30 days after notice to appoint another attorney has been served upon the client. Inasmuch as the application of the statute is confined to causes which may be said to arise from a *force majeure*, such as death, mental or physical incompetency, CPLR 321 (c) does not come into play unless the attorney's disability effectually prevents him or her from practicing law (*see, Hendry v Hilton*, 283 App Div 168, 171 [construing Civil Practice Act § 240, the predecessor statute of CPLR 321 (c)]; *see also*, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 321.22). While not minimizing Insogna's injury, the claimed inability to act is unsupported by medical proof, and in the absence of the requisite proof of disability we find that CPLR 321 (c) was not applicable to this case. Therefore, Supreme Court was not precluded from signing defendant's order on August 8, 1995.

This leaves CPLR 5015 (a) (1) as a basis for plaintiff's relief, which is the ground upon which her motion was predicated.* Although Supreme Court did not consider this subdivision, we may do so since we are vested with the same power and discretion as Supreme Court (*see, Soule v Lozada*, 232 AD2d 825). The well-recognized requirements for vacating a default judgment under CPLR 5015 (a) (1) are that the movant must establish the existence of a reasonable excuse for the default as well as a meritorious cause of action or defense (*see, Ayres v Power*, 238 AD2d 753; *Bridger v Donaldson*, 34 AD2d 628). Defendant concedes that the service of the notice to appoint another attorney provided plaintiff with a reasonable excuse for her default but maintains that plaintiff's motion should be denied because she has not shown through expert proof, or otherwise, that she has a meritorious cause of action. We note that the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is not as great as that required to successfully oppose a motion for summary judgment (*see, Goodsill v Middleburgh Little League*, 213 AD2d 843). Thus, in our opinion, for the purposes of this motion, plaintiff has established a meritorious cause of action since there is a question as to whether defendant is entitled to qualified immunity in light of its guardrail survey which indicated that guardrails were desirable in the area of plaintiff's accident (*see, Weiss v Fote*, 7 NY2d 579, 589; *Temple v Chenango County*, 228 AD2d 938). Accordingly, plaintiff's motion should have been granted on that basis.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Assuming that CPLR 321 (c) applied, it is questionable whether CPLR 5015 (a) (4) is a proper vehicle for vacatur since that provision is only applicable when the court lacks competence to adjudicate a matter because of the absence of subject matter or personal jurisdiction (*see, Lacks v Lacks*, 41 NY2d 71, 73; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:9, at 474-475).