■ STATE OF NEW YORK, Respondent, v ROGER W. NEILL, Appellant. [795 NYS2d 355]—

Crew III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered September 15, 2003 in Franklin County, which, inter alia, granted plaintiff's motion for summary judgment.

On April 12, 1995, defendant was notified of the presence of

oil fumes emanating from a building he owned in the Village of Saranac Lake, Franklin County. Upon investigation, defendant discovered that approximately 100 gallons of fuel oil had pooled in the basement along a wall adjacent to a 1,000 gallon underground storage tank. Defendant retained a plumbing and heating contractor to clean the basement, and the Department of Environmental Conservation (hereinafter DEC) was notified of the spill.

A representative of DEC advised defendant that he was required to conduct a subsurface and groundwater investigation. When defendant failed to comply, DEC retained a contractor to conduct the investigation. When no contamination was discovered under defendant's property, remediation efforts were discontinued.

Thereafter, plaintiff commenced this Navigation Law article 12 action to recover the moneys expended in the remediation efforts. After issue was joined and discovery concluded, plaintiff moved for summary judgment and defendant cross-moved for the same relief. Supreme Court granted plaintiff's motion, prompting this appeal.

Initially, defendant claims that plaintiff failed to prove that there was a discharge and, therefore, he was entitled to judgment dismissing the complaint. We disagree. The record reveals that a fuel delivery was made to defendant's property the day before discovery of the oil in the basement, and the measured oil in the tank at that time was 928 gallons. Measurements taken after the leak was discovered revealed the loss of approximately 769 gallons of oil. Additionally, the record reveals that, upon inspection, a substantial hole was observed in the bottom of the tank underneath the fill pipe. That evidence clearly establishes that a discharge occurred on defendant's property.

Next, defendant contends that the cost of the subsurface investigation is not recoverable because no contamination was found and, thus, no cleanup or removal occurred as defined by Navigation Law § 172. Again, we disagree. Navigation Law § 172, insofar as pertinent here, provides: " 'Cleanup and removal' means the (a) containment or *attempted containment* of a discharge, (b) removal or *attempted removal* of a discharge or, (c) taking of reasonable measures to prevent or mitigate damages to the public health, safety, or welfare, including but not limited to, public and private property, shorelines, beaches, surface waters, water columns and bottom sediments, soils and other affected property, including wildlife and other natural resources" (Navigation Law § 172 [4] [emphasis added]). Most as-

suredly, the investigative and monitoring costs incurred in attempting to locate and remove a substantial quantity of missing fuel oil discharged on defendant's property comes within the broad definition of "cleanup and removal" contained in the statute.

Finally, we reject defendant's contention that he was denied the opportunity to contest the reasonableness of the cleanup costs incurred. "Nowhere in the Oil Spill Act is a discharger afforded any right to contest the reasonableness of the costs incurred by the [Environmental Protection and Oil Spill Compensation] Fund in an action brought by the State to recoup these moneys" (*State of New York v Speonk Fuel*, 3 NY3d 720, 724 [2004]). We have considered defendant's remaining arguments and find them equally unavailing.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.