■ AIMEE L. DODGE, Individually and as Parent and Guardian of KARA F. DODGE, an Infant, and as Administrator of the Estate of PAUL R. DODGE, JR., Deceased, Respondent, v HOWARD

COMMANDER, et al., Appellants, et al., Defendants. [794 NYS2d 482]—

Mercure, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered August 27, 2004 in Rensselaer County, which denied a motion by defendants Howard Commander and Lebanon Valley Concessionaires, Inc. to vacate the default judgment entered against them.

This action arises from the death of plaintiff's husband, Paul R. Dodge, Jr. (hereinafter decedent), who was fatally injured when he was struck by a motor vehicle. As alleged in the complaint, the accident occurred at approximately 4:28 A.M. on September 7, 2002 as decedent walked along County Route 26 in the Town of Nassau, Rensselaer County, from the Lebanon Valley Speedway in West Lebanon, Columbia County to his home in the Town of Averill Park, Rensselaer County. The complaint asserts liability against, among others, defendants Lebanon Valley Auto Racing Corporation, doing business as Lebanon Valley Speedway (hereinafter Speedway), Lebanon Valley Concessionaires, Inc. (hereinafter Concessionaires), and Howard Commander, the chief executive of the Speedway and Concessionaires, upon allegations that they sold multiple alcoholic beverages to decedent when he was visibly intoxicated.

After service of the summons and complaint on the Speedway, Concessionaires and Commander (hereinafter collectively referred to as the Speedway defendants), the Speedway moved to dismiss in lieu of answering. Concessionaires and Commander did not answer the complaint nor join in the Speedway's motion, and plaintiff cross-moved seeking a default judgment against them. Concessionaires and Commander opposed the cross motion. Noting the failure of Concessionaires and Commander to cross-move for relief from their defaults, Supreme Court granted plaintiff's motion. Thereafter, Concessionaires

and Commander moved to set aside the order granting the default judgment, which motion Supreme Court denied. Concessionaires and Commander appeal, and we reverse.

As we have recently stated: "To vacate a default, [the defaulting party] 'must establish a reasonable excuse for the default as well as a meritorious defense.' Further, [the defaulting party] must also demonstrate that the default was not a result of willfulness and that vacating the default would not result in prejudice to [the party who obtained the judgment]" (*Aaron v Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C.*, 12 AD3d 753, 754 [2004] [citations omitted]; *see Guariglia v Price Chopper Operating Co., Inc.*, 13 AD3d 1028, 1029 [2004]). Here, Supreme Court concluded that Concessionaires and Commander had not met their burden on either point because the affidavits by which they sought to establish their reasonable excuse and meritorious defense lacked sufficient factual elaboration. In our view, Supreme Court imposed too high a burden on these defendants.

The quantum of proof required in support of a motion to vacate a default judgment is not as great as that which is required to oppose a motion for summary judgment (*see Clark v MGM Textiles Indus.*, 307 AD2d 520, 521 [2003]; *Winney v County of Saratoga*, 252 AD2d 882, 884 [1998]; *Goodsill v Middleburgh Little League*, 213 AD2d 843, 844 [1995]; *Bergen v 791 Park Ave. Corp.*, 162 AD2d 330, 331 [1990]). Here, Concessionaires and Commander submitted the affidavit of Raymond Hart, an employee of Crawford & Company, which had been retained by the broker of the Speedway defendants' insurance policy to investigate and adjust plaintiff's claim. Crawford retained the Albany law firm of Bond, Schoeneck & King (hereinafter the Bond firm) to represent only the Speedway. After plaintiff served her cross motion for a default judgment, an attorney with the Bond firm contacted Hart, who then called the insurance broker, and it was determined that the insurance policy covered all three Speedway defendants. Hart states that Crawford erred in initially requesting the Bond firm to represent only the Speedway and not Concessionaires and Commander as well. This is adequate proof of a failure by the insurance broker or its agent, which, being akin to law office failure, is a reasonable excuse for the default (*see Murphy v D.V. Waste Control Corp.*, 124 AD2d 573 [1986]; *see also Hayes v Maher & Son*, 303 AD2d 1018 [2003]; *Mothon v ITT Hartford Group*, 301 AD2d 999, 1000 [2003]; *compare Pagano v U.W. Marx, Inc.*, 223 AD2d 817 [1996]). Nor is the reasonableness of this excuse undermined by the fact that the Speedway's attorney at the

Bond firm knew that Concessionaires and Commander had not answered the complaint some 100 days before plaintiff made her motion for a default judgment. At that time, the Bond firm had been retained to represent only the Speedway, and had no obligation to ensure that Concessionaires and Commander were either represented or not in default. On these facts, the failure to answer the complaint was excusable.

Concessionaires and Commander have also demonstrated a meritorious defense. The complaint asserts causes of action against the Speedway defendants pursuant to the Dram Shop Act, which will require plaintiff to establish that the Speedway defendants served alcoholic beverages to decedent when he was visibly intoxicated (*see* General Obligations Law § 11-101 [1]; Alcoholic Beverage Control Law § 65 [2]; *Romano v Stanley*, 90 NY2d 444, 449 [1997]; *Ryan v Big Z Corp.*, 210 AD2d 649, 650 [1994]). The affidavits of Commander and Kathy Mahar, the manager of the club house at the Speedway, state that the Speedway defendants have a firm policy not to serve alcoholic beverages to intoxicated persons, and that neither Mahar, who was at work on the evening of September 6, 2002, nor any of her staff either served decedent alcoholic beverages or observed him to be visibly intoxicated. While lacking in particulars, these affidavits set forth a prima facie meritorious defense to the action, which is a sufficient quantum of proof for a motion to vacate a default judgment (*see Bergen v 791 Park Ave. Corp.*, *supra* at 330; *cf. Peacock v Kalikow*, 239 AD2d 188, 189-190 [1997]).

The failure to answer the complaint was not willful, and Concessionaires and Commander timely responded to the cross motion for a default judgment. Moreover, we note that the judicial preference for disposition of cases on their merits (*see Frank v Martuge*, 285 AD2d 938, 939 [2001]; *Martin v Pitcher*, 243 AD2d 1023 [1997]) militates in favor of granting the motion to vacate the default. Concessionaires and Commander are, in the circumstances of this case, united in interest with the Speedway. The wrongful acts alleged against all three defendants are the same, as are their defenses. They are covered under the same policy of insurance, and are represented by the same counsel. Plaintiff will suffer no prejudice by vacatur of the default judgment, inasmuch as the case has a trial date certain only months hence, and defense counsel has represented that no additional discovery or delay will be required as a consequence of vacatur of the default judgment. Accordingly, the default judgment should be vacated.

Peters, Spain and Carpinello, JJ., concur; Cardona, P.J., not

taking part. Ordered that the order is reversed, on the law, with costs, motion granted, and default judgment vacated.