■ NILT, INC., Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Defendant, and A.P.O.W. TOWING, INC., Appellant. [826 NYS2d 471]—

Mugglin, J. Appeal from an order of the Supreme Court (McNamara, J.), entered July 27, 2005 in Albany County, which, inter alia, denied a motion by defendant A.P.O.W. Towing, Inc. to vacate a default judgment entered against it.

Defendant A.P.O.W. Towing, Inc. (hereinafter APOW) obtained possession of a vehicle titled to plaintiff pursuant to a valid police authorization to tow the vehicle. APOW notified plaintiff, and plaintiff commenced a proceeding seeking to cancel APOW's application for title to the vehicle. Supreme Court denied that petition because plaintiff failed to timely challenge APOW's garage lien. Plaintiff then simultaneously served a summons and complaint in this action for conversion (premised on an alleged excessive and exaggerated garage lien) and an order to show

cause seeking an order directing APOW to deliver possession of the vehicle to plaintiff. The order to show cause was denied by Supreme Court based on principles of collateral estoppel, because of its prior decision that plaintiff had failed to timely challenge the validity of the lien. APOW, despite its counsel having received a courtesy letter reminding him of the necessity to do so, and granting an extension therefor, never served an answer to the summons and complaint. Upon application, Supreme Court granted plaintiff a default judgment on the issue of liability and scheduled an inquest to determine damages. Although notified, APOW again defaulted and now appeals* from the denial of its motion to, among other things, excuse its failure to answer the summons and complaint and to vacate the default judgment.

To vacate a default judgment, a defendant must show a reasonable excuse for the default and the existence of a meritorious defense (*see Trim v Trim*, 21 AD3d 1203, 1204 [2005]; *Dodge v Commander*, 18 AD3d 943, 945 [2005]; *Winney v County of Saratoga*, 252 AD2d 882, 884 [1998]). While there exists a judicial preference for resolving disputes on the merits (*see Dodge v Commander, supra* at 946; *see also Frank v Martuge*, 285 AD2d 938, 939 [2001]), motions to vacate default judgments are addressed to the trial court's sound discretion and the exercise of that discretion will not be disturbed by an appellate court if it is supported by the record (*see Agway, Inc., AAP New England v Chichester*, 259 AD2d 880, 880 [1999]). The excuse for failure to answer offered here is that in the urgency of responding to the order to show cause, APOW's counsel overlooked the necessity to answer the summons and complaint. While law office failures are generally liberally excused (*see Mothon v ITT Hartford Group*, 301 AD2d 999, 1000 [2003]), because of the existence of the courtesy letter sent by plaintiff's counsel, we are unpersuaded that Supreme Court abused its discretion in refusing to accept this excuse as reasonable. Given the lack of a reasonable excuse, whether a meritorious defense exists is irrelevant (*see Pagano v U.W. Marx, Inc.*, 223 AD2d 817, 818 [1996]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

* At oral argument, counsel for plaintiff agreed to deliver to counsel for APOW all documents necessary to transfer title to the subject vehicle.