■ MICHAEL OWENS et al., Doing Business as CLASSIC ENTERTAINMENT, Respondents, v ISAAC FREEMAN, Also Known as FATMAN SCOOP, Appellant. [884 NYS2d 791]—

Rose, J. Appeal from an order of the Supreme Court (Platkin, J.), entered November 20, 2008 in Albany County, which denied defendant's motion to vacate a default judgment entered against him.

Plaintiffs commenced this action to recover damages for defendant's breach of contract, but were unable to serve the summons and complaint until 130 days later, when process was served pursuant to CPLR 308 (2) at defendant's last known address in New Jersey. Approximately one month later, after defendant failed to appear in the action, plaintiffs moved ex parte for a nunc pro tunc extension of the time for service. Supreme Court granted the motion, thereby making the service of process timely. Plaintiffs then moved for a default judgment, and Supreme Court granted plaintiffs' motion and set a date for an inquest. Notice of the default judgment and scheduled inquest was sent to defendant's last known address in New Jersey and, upon his failure to appear, the court accepted plaintiffs' written proof and granted a judgment for $51,075. Two months later, defendant moved to vacate the default judgment pursuant to CPLR 317 and 5015 (a) (1) and (4) on the grounds that he is not subject to the court's jurisdiction and he has a meritorious defense. Supreme Court denied his motion, and defendant now appeals.

Initially, defendant argues that Supreme Court lacked jurisdiction to enter the default judgment because service of process was not made within the 120-day period provided in CPLR 306-b and the court erred in extending the time for service without notice to him. We note, however, that defendant has not moved to vacate the ex parte order (see Cascioli v Gonzalez, 173 AD2d 1064 [1991]) or requested leave to appeal (see CPLR 5701 [c]), and we decline to deem his notice of appeal to be an application for leave to appeal because he has not alleged that plaintiffs lacked good cause for the extension or that he was prejudiced by the delay in the service of process (see Przespolewski v Elder-Wood Health Care at Linwood, 55 AD3d 1327, 1328 [2008]).

Turning to defendant's contention that he is not subject to jurisdiction in New York under its long-arm statute, we note that personal jurisdiction may be obtained over a nondomiciliary "who in person or through an agent . . . transacts any business

within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]). Here, plaintiffs alleged that defendant had transacted business in New York through an agent by entering into a contract with plaintiffs for a musical performance in Canada. Inasmuch as plaintiffs established that defendant's agent engaged in purposeful activities in New York for defendant's benefit by negotiating material terms of the contract here, we agree with Supreme Court that there was long-arm jurisdiction (see Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]; Polansky v Gelrod, 20 AD3d 663, 664 [2005]).

The record also supports Supreme Court's finding that defendant failed to sufficiently dispute service of process. The process server's affidavit indicated that service had been made by delivery of the summons and complaint to defendant's wife at their usual place of abode and by mailing to that address. This constituted prima facie evidence of proper service. Defendant's uncorroborated denial of receipt of the papers and his wife's statement that she merely did not recall receiving any papers were insufficient to dispute the veracity or content of the server's affidavit (see Kurlander v Willie, 45 AD3d 1006, 1007 [2007]; Sando Realty Corp. v Aris, 209 AD2d 682, 682 [1994]). Inasmuch as defendant offers no other excuse for his default, Supreme Court did not err in denying his motion to vacate the default judgment based upon lack of personal jurisdiction (see CPLR 5015 [a] [4]). Defendant's remaining arguments have been reviewed and found to be without merit.

Cardona, P.J., Kane, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.