In the Matter of WARREN KERNER, by His Attorney-in-Fact, JONATHAN KERNER, Petitioner, v MONROE COUNTY DEPARTMENT OF HUMAN SERVICES et al., Respondents. [904 NYS2d 616]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Thomas A. Stander, J.], entered September 29, 2009) to annul

a determination of respondent Monroe County Department of Human Services. The determination, among other things, adjudged that petitioner was not Medicaid-eligible for nursing facility services for a certain period of time.

It is hereby ordered that the determination is unanimously annulled on the law without costs, the petition is granted, and the matter is remitted to respondent Monroe County Department of Human Services for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that he was not Medicaid-eligible for nursing facility services for a period of 13 months on the ground that he had made uncompensated transfers during the "look-back" period (*see* 42 USC § 1396p [c] [1] [B]; Social Services Law § 366 [5] [a], [e] [1] [vi]). The determination of respondent Monroe County Department of Human Services (DHS) that petitioner was not eligible for those services was affirmed by respondent New York State Department of Health. Pursuant to a personal service agreement (PSA) between petitioner's son, Jonathan, and petitioner, Jonathan agreed to provide petitioner with "room and board; care and supervision; food and food preparation—both meals and snacks; any daily assistance . . . with showering, dressing, etc; laundry & cleaning; medical office visits and transportation thereof; and any medical care such as changing bandages or assisting with medications [petitioner] might need." In exchange for those services, Jonathan would be paid $9,283 per month, a sum that petitioner and Jonathan alleged was "commensurate with nursing home costs."

From September 2006 until July 17, 2007, when petitioner entered a nursing facility, petitioner resided with Jonathan and his wife and paid them in accordance with the PSA. In March 2008 petitioner applied for Medicaid, and DHS ultimately assessed a penalty period of 13 months (*see* Social Services Law § 366 [5] [e] [3], [4] [iii] [A]). DHS concluded that the transfers to Jonathan were uncompensated transfers because the PSA provided for services on an as-needed basis and no credible documentation was provided concerning the services actually rendered to petitioner. Jonathan requested a fair hearing and, following a stipulated reduction in the amount of the penalty, the Administrative Law Judge upheld the determination of DHS that $105,041 paid by petitioner to Jonathan constituted an uncompensated transfer.

"In reviewing a Medicaid eligibility determination made after a fair hearing, 'the court must review the record, as a whole, to determine if the agency's decisions are supported by substantial

evidence and are not affected by an error of law' . . . Substantial evidence is 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or [an] ultimate fact' . . . 'The petitioner[ ] bear[s] the burden of demonstrating eligibility' " (*Matter of Barbato v New York State Dept. of Health*, 65 AD3d 821, 822-823 [2009], *lv denied* 13 NY3d 712 [2009]; *see Matter of Gabrynowicz v New York State Dept. of Health*, 37 AD3d 464, 465 [2007]). Because there is no detailed summary of the services rendered and the number of hours spent rendering those services, the PSA amounts to an as-needed agreement and "there is no basis upon which to conclude that the transfer of a specific amount of assets for [those] services . . . [was] for fair value" (*Barbato*, 65 AD3d at 823).

While a daily log of hours worked and services rendered is not necessarily required, we agree with the DHS that the generalized, after-the-fact summary of a typical day provided in this case is insufficient to constitute the type of credible documentation needed to assess the fair market value of the services actually rendered. Nevertheless, we agree with petitioner that it is undisputed that services were actually rendered by Jonathan and his wife, and thus the DHS's determination that the transfers to Jonathan were uncompensated transfers is not supported by substantial evidence.

We therefore annul the determination, grant the petition, and remit the matter to DHS to determine petitioner's eligibility for medical assistance benefits following recalculation of the period set forth in Social Services Law § 366 (5). In recalculating that period, DHS must afford petitioner the opportunity to identify with reasonable specificity the services rendered and the number of hours spent rendering those services, as well as the fair market value of those services. Present—Centra, J.P., Fahey, Peradotto, Lindley and Pine, JJ.