■ CHRISTIANA BANK & TRUST COMPANY, as Owner Trustee for SECURITY NATIONAL ASSET SECURITIZATION SERIES TRUST II, Respondent, v DANIEL W. EICHLER et al., Appellants, et al., Defendants. [942 NYS2d 241]—

Rose, J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 15, 2010 in Chenango County, which denied a motion by defendants Daniel W. Eichler and Carol N. Eichler to, among other things, vacate a default judgment of foreclosure.

Plaintiff commenced this foreclosure action in 2005, alleging that defendants Daniel W. Eichler and Carol N. Eichler (hereinafter collectively referred to as defendants) had failed to make any payments since March 2003 on a mortgage that they executed in 2000. After defendants failed to answer, a default judgment of foreclosure was entered against them in August 2005. Eleven days later, defendants filed for bankruptcy and their case was not closed until April 2010. The referee then deeded the property to plaintiff in August 2010 and, five days later, defendants moved to vacate the default judgment and for leave to file a late answer. Supreme Court denied the motion and defendants appeal.

Defendants contend that issues of fact exist regarding whether they were properly served with the pleadings. While we certainly agree that relief from a judgment may be granted where the court lacked jurisdiction to render it (*see* CPLR 5015 [a] [4]), defendants failed to adequately rebut the presumption of proper service created by the affidavits of service (*see Owens*

*v Freeman*, 65 AD3d 731, 733 [2009], *lv dismissed* 13 NY3d 855 [2009]; *Mortgage Elec. Registration Sys., Inc. v Schuh*, 48 AD3d 838, 841 [2008], *appeal dismissed* 10 NY3d 951 [2008]). Those affidavits reflect that two copies of the summons and complaint were left with defendants' 22-year-old daughter at their residence and mailed two days later to the same address (*see* CPLR 308 [2]). Defendants do not deny that their daughter was served or that the proper address is listed in the affidavits. Their bare claim that they did not receive the pleadings is not a " 'detailed and specific contradiction of the allegations in the process server's affidavit' sufficient to create a question of fact warranting a hearing" (*U.S. Bank Natl. Assn. v Vanvliet*, 24 AD3d 906, 908 [2005], quoting *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2003]; *see Scarano v Scarano*, 63 AD3d 716, 716-717 [2009]).

Further, although defendants allege in a very general way that they were unaware that the judgment had been entered against them, they have not denied receipt of the notice of entry of the judgment of foreclosure which immediately preceded their bankruptcy filing, and they admit that they were aware of the Bankruptcy Court's 2006 order permitting plaintiff to remove its claim and continue its foreclosure action. Under these circumstances, Supreme Court properly exercised its discretion by rejecting defendants' claim that they were unaware of the foreclosure action until August 2010 and finding that they failed to offer a reasonable excuse for the four-year delay in moving to vacate the default judgment (*see* CPLR 317, 5015 [a] [1]; *Washington Mut. Bank v Fisette*, 66 AD3d 1287, 1288 [2009]; *F & K Supply, Inc. v Shean*, 56 AD3d 1076, 1077-1078 [2008]; *Personnel Sys. Intl. v Clifford R. Gray, Inc.*, 146 AD2d 831, 833 [1989]). The absence of a reasonable excuse also supports the exercise of the court's discretion in denying defendants permission to file a late answer pursuant to CPLR 3012 (d) (*see Wells Fargo Bank, N.A. v Wine*, 90 AD3d 1216, 1218 [2011]). We have considered defendants' remaining contentions, including their conclusory and unsupported claims that the accounting was in error and that they were not in default, and find them to be without merit.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.