■ STATE OF NEW YORK et al., Respondents, v VINCENT F. NEGLIA, Appellant. [952 NYS2d 808]—

Malone Jr., J.

In January 2006, plaintiff Department of Environmental Conservation (hereinafter DEC) commenced an administrative enforcement proceeding against defendant, alleging that defendant was operating a noncompliant waste tire stockpile in violation of, among other things, ECL article 27 (hereinafter the Waste Tire Act). Although notice was served on defendant, he failed to respond within the legal time period, and the matter was then referred to an Administrative Law Judge (hereinafter ALJ), who, after a hearing, determined that defendant had committed 9 of the 10 violations alleged by DEC. The ALJ issued a

report recommending that respondent Commissioner of Environmental Conservation issue an order finding defendant to be in violation of the Waste Tire Act, impose a fine of $10,000, direct defendant to stop accepting waste tires at the site and remediate the site. The Commissioner issued an order in November 2006 and, although defendant was served with that order, he failed to remove the waste tires and to remediate the site as directed. As a result the Office of General Services (hereinafter OGS) performed a remediation at the site at a cost of approximately $160,000.

Thereafter, plaintiffs imposed an administrative lien on defendant's property and, in October 2009, commenced this action seeking reimbursement for the cost of the remediation and a $10,000 penalty. After defendant failed to respond, plaintiffs moved for a default judgment. Defendant opposed that motion and cross-moved to vacate the default judgment and for leave to interpose an answer to the complaint. Supreme Court granted plaintiffs' motion, denied defendant's cross motion, and ordered an inquest on damages. Defendant appeals from this order. The court subsequently issued an order determining that defendant had no right to contest the reasonableness of the costs incurred by plaintiffs for the remediation, cancelled the inquest and entered a judgment in plaintiffs' favor. Defendant also appeals from this order and this judgment.

Contrary to defendant's contention, Supreme Court did not abuse its discretion in denying defendant's cross motion to vacate the default judgment. Defendant's sole contentions concerning his failure to respond to plaintiffs' pleading—which plaintiffs established were properly served upon defendant—are that he has no recollection of being served with the summons and complaint because of financial strain and because he was suffering "extreme emotional distress" due to the deaths of two family members and a friend, which deaths occurred more than two years prior to the commencement of this action.

Defendant's conclusory allegations regarding his emotional and financial problems, which are not supported by evidence in the record, do not constitute a reasonable excuse to vacate the default judgment (*see Campbell v Dutton Stor. Distrib. Co.*, 240 AD2d 690, 691 [1997], *lv dismissed* 90 NY2d 989 [1997]). "Given the lack of a reasonable excuse, whether a meritorious defense exists is irrelevant" (*Nilt, Inc. v New York State Dept. of Motor Vehicles*, 35 AD3d 937, 938 [2006] [citation omitted]; *see Christiana Bank & Trust Co. v Eichler*, 94 AD3d 1170, 1171 [2012]).

Also, we agree with Supreme Court that an inquest to

ascertain damages was not necessary. The Waste Tire Act, as with the Oil Spill Act (*see* Navigation Law art 12), directs the persons responsible for contamination to either remediate the contamination at their own expense or, if they fail to do so, reimburse plaintiff State of New York for the cost of the remediation (*see* ECL 27-1907; Navigation Law §§ 181, 187). Neither act specifically provides the responsible person with the right to challenge the reasonableness of the costs incurred by the State in conducting its remediation and, in light of the record documentation of the actual expenses, we are not persuaded by defendant's argument that such a right exists in this case (*see generally State of New York v Speonk Fuel, Inc.*, 3 NY3d 720, 724 [2004]; *State of New York v Neill*, 17 AD3d 802, 804 [2005], *lv dismissed* 5 NY3d 823 [2005]). Accordingly, Supreme Court's entry of a default judgment without conducting an inquest was proper (*see* CPLR 3215 [a]; *General Elec. Tech. Servs. Co. v Perez*, 156 AD2d 781, 784 [1989]).

Defendant's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Rose, Spain and Garry, JJ., concur. Ordered that the orders and judgment are affirmed, without costs.