Stein, J.
Appeal from an order of the Supreme Court (Aulisi, J.), entered October 31, 2012 in Schenectady County, which denied a motion by defendants Dhanwattie Dukharan and Roopnarian Dukharan to vacate a default judgment entered against them.
In 2007, plaintiff commenced this action against defendants Dhanwattie Dukharan and Roopnarian Dukharan (hereinafter collectively referred to as defendants) and their daughter, defendant Rosetta Dukharan, to recover damages for injuries that he sustained when he was bitten by their dog. Defendants were served with a copy of the summons and complaint pursuant to CPLR 308 (2). Defendants failed to appear and Supreme Court (J. Sise, J.) entered an order finding them in default pursuant to CPLR 3215. Following a subsequent inquest, Supreme Court (Aulisi, J.) issued a judgment in March 2009 awarding plaintiff damages. In April 2010, defendants moved to vacate the default judgment, alleging that they never received the summons and complaint and were otherwise unaware that an action had been *1332 commenced against them. Upon Supreme Court’s denial of defendants’ motion, this appeal ensued.[1]
We affirm. “[A] party seeking to vacate a default judgment must demonstrate a reasonable excuse for default and a meritorious defense” (Capital Compost & Waste Reduction Servs., LLC v MacDonald, 73 AD3d 1311, 1312 [2010] [internal quotation marks and citation omitted]; see CPLR 5015 [a] [1]; Wadsworth v Sweet, 106 AD3d 1433, 1434 [2013]; Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 862 [2011]), and the determination of whether vacatur is warranted lies within the sound discretion of the trial court (see Wadsworth v Sweet, 106 AD3d at 1434; Abel v Estate of Collins, 73 AD3d 1423, 1424 [2010]; F & K Supply, Inc. v Shean, 56 AD3d 1076, 1077 [2008]). Here, defendants’ proffered excuse for the default was their conclusory denial that they ever received a copy of the summons and complaint or were aware that an action had been commenced. However, the affidavits of service indicate that the summons and complaint were served upon defendants by delivery to their son, Erique Dukharan — a person of suitable age and discretion — at their dwelling and by mailing a copy of the summons and complaint to the same address. Defendants failed to rebut the presumption of proper service created by these affidavits of service (see Christiana Bank & Trust Co. v Eichler, 94 AD3d 1170, 1170-1171 [2012]; Owens v Freeman, 65 AD3d 731, 733 [2009], lv dismissed 13 NY3d 855 [2009]). In fact, defendants do not dispute that the address listed on the affidavits of service was their dwelling[2] or that their son was served with the summons and complaint as indicated in such affidavits (see Christiana Bank & Trust Co. v Eichler, 94 AD3d at 1171).
Moreover, the record reflects that, after defendants were served and failed to appear, plaintiffs counsel mailed additional copies of the summons and complaint to defendants at the same address by certified and regular mail and the postal return receipt was signed — apparently by defendants’ other son — as received. In addition, before commencement of the action, plaintiff s counsel mailed two letters to defendants at that address, advising them that plaintiff had been injured by their dog *1333 and that they should contact their insurance carrier.[3] In light of the foregoing, we agree with Supreme Court that defendants did not demonstrate a reasonable excuse for their default and we discern no abuse of the court’s discretion in denying defendants’ motion to vacate the default judgment (see Wood v Tuttle, 106 AD3d 1393 [2013]; State of New York v Neglia, 99 AD3d 1137, 1138 [2012]). Accordingly, we need not decide whether defendants established the existence of a meritorious defense (see Wadsworth v Sweet, 106 AD3d at 1434; State of New York v Neglia, 99 AD3d at 1138; Nilt, Inc. v New York State Dept. of Motor Vehicles, 35 AD3d 937, 938 [2006]).
Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

. Although the default judgment was also issued against Rosetta Dukharan, she did not move to vacate the default judgment and is not a party to this appeal.

. This was also the address on file with defendants’ insurance carrier.

. Plaintiffs counsel also affirms that he had a telephone conversation with Dhanwattie Dukharan in which counsel was informed that defendants had no intention of providing insurance information or otherwise responding. While Roopnarian Dukharan submitted an affidavit denying that she was a party to any such conversation, Dhanwattie Dukharan did not.