# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**712**

**TP 14-02106**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DAVID SCOTT, BY SHERI DANA AND
MICHAEL DANA, PETITIONER,

              V                           MEMORANDUM AND ORDER

HOWARD A. ZUCKER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF HEALTH, RESPONDENT.

---

HURWITZ & FINE, P.C., BUFFALO (EDWARD C. ROBINSON OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Genesee County [Robert C.
Noonan, A.J.], entered November 24, 2014) to annul a determination of
respondent that petitioner made certain uncompensated transfers prior
to his admission to a skilled nursing facility.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination that he made certain uncompensated
transfers prior to his admission to a skilled nursing facility. "In
reviewing a Medicaid eligibility determination made after a fair
hearing, '[a] court must review the record, as a whole, to determine
if [respondent's] decisions are supported by substantial evidence and
are not affected by an error of law' " (*Matter of Barbato v New York
State Dept. of Health*, 65 AD3d 821, 822-823, *lv denied* 13 NY3d 712).
At the fair hearing, petitioner asserted that certain transfers were
made pursuant to a personal service agreement (PSA) between him and
his daughter and son-in-law. The PSA provided that petitioner would
pay his daughter and son-in-law $5,000 per month "for services and
care." The PSA did not set forth any specific services that would be
provided to petitioner, but it required someone to be present with him
at the residence. If the daughter or son-in-law were not present,
petitioner agreed to pay for additional care as needed. Over the
course of the next four years, payments pursuant to the PSA were not
made on a regular basis. Rather, the daughter and son-in-law withdrew
money from petitioner's checking account to pay their debts as they
saw fit. For example, in one year, no payments were made and, in the

month petitioner entered a skilled nursing facility, a transfer of $60,000 was made.

At the fair hearing, petitioner gave no explanation of the services that were provided other than transportation on occasion, did not submit any documentation regarding the services, and offered no proof regarding the fair market value of any services.  We therefore conclude that substantial evidence supports the determination that the transfer of assets were uncompensated transfers (*cf. Matter of Kerner v Monroe County Dept. of Human Servs.*, 75 AD3d 1085, 1087).  We reject petitioner's contention that the matter should be remitted to Supreme Court, as the matter was in *Kerner*, so that petitioner can provide the necessary proof.  In *Kerner*, the PSA specified the services that would be provided to the petitioner, and the record in that case established that the petitioner offered some proof and testimony regarding the services that were rendered to him (*see id*. at 1086-1087).  Here, petitioner was advised by the local agency that he needed to submit specific proof with respect to the services, but petitioner provided none, and we will not speculate whether petitioner could provide such proof upon a remittal.  We have considered petitioner's remaining contention and conclude that it is without merit.

Entered:  June 12, 2015                        Frances E. Cafarell
                                               Clerk of the Court