Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Genesee County [Robert C. Noonan, A.J.], entered Nov. 24, 2014) to annul a determination of respondent that petitioner made certain uncompensated transfers prior to his admission to a skilled nursing facility.
It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that he made certain uncompensated transfers prior to his admission to a skilled nursing facility. “In reviewing a Medicaid eligibility de *1528 termination made after a fair hearing, ‘[a] court must review the record, as a whole, to determine if [respondent’s] decisions are supported by substantial evidence and are not affected by an error of law’ ” (Matter of Barboto v New York State Dept. of Health, 65 AD3d 821, 822-823 [2009], lv denied 13 NY3d 712 [2009]). At the fair hearing, petitioner asserted that certain transfers were made pursuant to a personal service agreement (PSA) between him and his daughter and son-in-law. The PSA provided that petitioner would pay his daughter and son-in-law $5,000 per month “for services and care.” The PSA did not set forth any specific services that would be provided to petitioner, but it required someone to be present with him at the residence. If the daughter or son-in-law were not present, petitioner agreed to pay for additional care as needed. Over the course of the next four years, payments pursuant to the PSA were not made on a regular basis. Rather, the daughter and son-in-law withdrew money from petitioner’s checking account to pay their debts as they saw fit. For example, in one year, no payments were made and, in the month petitioner entered a skilled nursing facility, a transfer of $60,000 was made.
At the fair hearing, petitioner gave no explanation of the services that were provided other than transportation on occasion, did not submit any documentation regarding the services, and offered no proof regarding the fair market value of any services. We therefore conclude that substantial evidence supports the determination that the transfer of assets were uncompensated transfers (cf. Matter of Kerner v Monroe County Dept. of Human Servs., 75 AD3d 1085, 1087 [2010]). We reject petitioner’s contention that the matter should be remitted to Supreme Court, as the matter was in Kerner, so that petitioner can provide the necessary proof. In Kerner, the PSA specified the services that would be provided to the petitioner, and the record in that case established that the petitioner offered some proof and testimony regarding the services that were rendered to him (see id. at 1086-1087). Here, petitioner was advised by the local agency that he needed to submit specific proof with respect to the services, but petitioner provided none, and we will not speculate whether petitioner could provide such proof upon a remittal. We have considered petitioner’s remaining contention and conclude that it is without merit.
Present— Centra, J.P., Peradotto, Lindley, Valentino and DeJoseph, JJ.