BAPTIST HEALTH NURSING AND REHABILITATION CENTER, INC., Appellant, v RUTH BAXTER, Respondent. [33 NYS3d 567]—

Aarons, J. Appeal from an order of the Supreme Court (Buchanan, J.), entered August 20, 2015 in Schenectady County, which, among other things, granted defendant's motion to vacate a default judgment entered against her.

Plaintiff, a nursing-residential facility, commenced this action in October 2014, alleging that defendant made material misrepresentations on the admission application for Ruth Pitts, defendant's mother, and that defendant failed to pay plaintiff for services rendered. After defendant failed to answer the complaint or otherwise appear, plaintiff moved for a default judgment, which motion Supreme Court granted in a May 2015 order. Defendant immediately moved to vacate the default judgment. Supreme Court granted defendant's motion and plaintiff appeals. We affirm.

A defendant seeking to vacate a default judgment must demonstrate a reasonable excuse for the default and a

potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Dodge v Commander*, 18 AD3d 943, 945 [2005]). Whether to grant or deny a motion to vacate lies within the discretion of the trial court (*see Cotter v Dukharan*, 110 AD3d 1331, 1332 [2013]; *Stow Mfg. Co. v F & K Supply*, 232 AD2d 958, 959 [1996]), and such determination will not be disturbed absent an abuse or improvident exercise of discretion (*see Abel v Estate of Collins*, 73 AD3d 1423, 1424 [2010]; *Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853, 853 [1997]). Plaintiff limits its appeal to the issue of whether defendant established a meritorious defense.

A review of the entire record here reveals that defendant has raised a defense of arguable merit to the fraud claim. In plaintiff's preadmission form, defendant listed Pitts' assets and finances and represented, to the best of her knowledge, that no assets had been transferred from Pitts' account in the past five years.* While both a determination by the Schenectady County Department of Social Services denying Pitts' application for Medicaid coverage, as well as the administrative law judge's decision upon a fair hearing upholding this determination, indicate that sums of moneys were transferred from Pitts' account between January 2007 and January 2008 in contravention of defendant's representation on the preadmission form, the record also indicates that some of those transfers may have been permissible as fair market payments for services rendered to Pitts (*see Matter of Kerner v Monroe County Dept. of Human Servs.*, 75 AD3d 1085, 1086 [2010]; *cf. Fieldston Lodge Care Ctr. v Andrews*, 79 AD3d 552, 552 [2010]). To the extent that plaintiff disputes the validity of those transfers, such dispute goes to the overall merits of the action. At this juncture, it is unnecessary for defendant to establish that she is entirely absolved from liability. Rather, as relevant here, defendant's burden on a motion to vacate a default judgment is to show a potentially meritorious defense, which we conclude defendant has accomplished (*see Dodge v Commander*, 18 AD3d at 946; *Bergen v 791 Park Ave. Corp.*, 162 AD2d 330, 330 [1990]).

We reach the same conclusion with respect to the proposed defense to plaintiff's breach of contract cause of action. Personal liability may attach to defendant for breach of contract, if it is shown that defendant, who had access to Pitts' funds, failed to use such funds to pay plaintiff for services rendered to Pitts, a requirement imposed by both the private

---

* As part of its admission criteria, plaintiff asked whether a prospective resident's assets have been transferred within the past five years to determine if such resident may be denied Medicaid coverage.

pay agreement and the net available monthly income agreement (see *Presbyterian Home for Cent. NY, Inc. v Thompson*, 136 AD3d 1421, 1422-1423 [2016]; *Troy Nursing & Rehabilitation Ctr., LLC v Naylor*, 94 AD3d 1353, 1355-1356 [2012], *lv dismissed* 19 NY3d 1045 [2012]). As discussed, a potentially meritorious defense exists in that the record reveals that some of the funds from Pitts' account may have been used as payment for services rendered and, thus, in accordance with the agreements executed by the parties. Finally, although we note that defendant's affidavit submitted in support of her motion is not a model of particularity, keeping in mind that "the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is not as great as that required to successfully oppose a motion for summary judgment" (*Winney v County of Saratoga*, 252 AD2d 882, 884 [1998]), the policy of resolving cases on their merits (*State of New York v Bayramov*, 98 AD3d 811, 812 [2012]) and taking into account the record as a whole, we find no abuse of discretion by Supreme Court in granting defendant's motion (see *Gurin v Pogge*, 112 AD3d 1028, 1030 [2013]; *Nahal v C & S Bldg. Materials*, 116 AD2d 822, 823 [1986]).

McCarthy, J.P., Egan Jr., Rose and Lynch, JJ., concur. Ordered that the order is affirmed, with costs.