Mastoloni v Wagemann (2025 NY Slip Op 50874(U))

[*1]

Mastoloni v Wagemann

2025 NY Slip Op 50874(U)

Decided on May 12, 2025

Supreme Court, Washington County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 12, 2025
Supreme Court, Washington County

Edward J. Mastoloni, Plaintiff,

against
Robert Lynn Wagemann, Defendants

Index No. EC2022-34415

Law Office of Robert Winn, Granville (Robert M. Winn of counsel), for plaintiff. 
Law Office of Michelle Gu, Utica (Michelle R. Potoczny of counsel), for defendant

Robert J. Muller, J.

Plaintiff commenced this action by the filing of a summons and complaint on September 30, 2022 using the New York State Electronic Filing System (NYSCEF). The complaint alleges sometime in 2017 defendant agreed to repair plaintiff's 1997 Hacker Craft boat for $10,000.00. Plaintiff contends between 2018 and 2022 defendant disassembled the boat but failed to timely repair it which caused plaintiff to hire a different company in 2022 to retrieve the boat and its parts from defendant and repair it. Plaintiff alleges as a result he was damaged in the amount of $100,000.00.
Defendant was served with the summons and complaint on November 3, 2022 (NYSCEF Doc. No. 2). Attorney Paul Ryan filed a Notice of Appearance on his behalf on April 2, 2023. An answer to the complaint was not filed. On May 8, 2023 plaintiff moved for a default judgment, however, the action was stayed due to defendant filing for Chapter 13 bankruptcy protection on May 11, 2023 (Northern District Docket No. 23-10468). By letter from this Court to the parties dated December 21, 2023, the parties were advised the bankruptcy stay had been lifted and the parties were instructed the return date on plaintiff's motion for default was January 24, 2024.
On February 29, 2024, having received no answer or opposition, the Court granted plaintiff's motion for default and ordered an inquest on damages to be held on April 12, 2024. The order granting the default was uploaded by the Court on March 1, 2024, although neither a Notice of Entry, nor an affidavit of service was filed by plaintiff. At the inquest on damages, the Court heard testimony from plaintiff's witness and neither defendant nor his attorney appeared. The Court granted plaintiff a judgment in the amount of $101,310.44 on April 18, 2024 and said judgment was uploaded to NYSCEF by the Court on April 18, 2024. Again, no Notice of Entry [*2]was filed by plaintiff.
By way of Order to Show Cause on February 18, 2025 defendant now moves to vacate the default judgment under CPLR §§5015(a)(1). Pursuant to this statute, "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just . . . upon the ground of excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry" [CPLR 5051(a)(1)]. Additionally, "[a] party seeking to vacate a judgment of default pursuant to CPLR 5015 (a) (1) must show a reasonable excuse for the default and the existence of a meritorious defense" (Abel v Estate of Collins, 73 AD3d 1423, 1425 [2010]; see Wade v Village of Whitehall, 46 AD3d 1302, 1303 [2007]; Nilt, Inc. v New York State Dept. of Motor Vehicles, 35 AD3d 937, 938 [2006]).
Defendant alleges ineffective assistance of counsel by his former attorney for failing to respond to defendant's attempts to contact him, failing to file an answer, failing to respond to the motion for default judgment, and failing to appear or notify defendant of the April 12, 2024 inquest on damages. Defendant also asserts he suffered from serious health issues beginning in the Fall of 2022 through the middle of 2023 which resulted in unexplained seizures, hospitalizations and admission to the ICU and therefore, he trusted his former attorney was monitoring the matter (NYSCEF Doc. No. 18, ¶7,8). Defendant further asserts he has two meritorious defenses to the action, that of impossibility of performance due to the COVID-19 pandemic and fraudulent misrepresentation of the boat's condition by plaintiff. 
Preliminarily, the Court finds that the motion is timely filed pursuant to CPLR §5014(a)(1) which requires a party to move for vacatur within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry. While plaintiff asserts that the Court's filing of the order of default judgment through NYSCEF on March 1, 2024 and order of judgment on April 18, 2024 constitute service, such filings do not satisfy the required service of notice of entry. [see Uniform Rule §202.5-b(h)]. Regardless, defendant filed the motion to vacate the judgment of default on February 18, 2025, within the one-year time limit.
Defendant affirms that, after filing a Notice of Appearance, his former attorney "assured [him] that since [he] was filing [for] bankruptcy, [an answer] was not necessary" (NYSCEF Doc. No. 18, ¶5). Defendant further asserts he trusted that that his former attorney was monitoring this matter during his illness and would contact him if there were issues. Defendant asserts he was not advised of the April 12, 2024 court date and therefore did not attend and the attorney has not responded to any of defendant's attempts to contact him. (id. at ¶¶ 8, 10, 13, 14)
In opposition to defendant's motion, plaintiff contends defendant's affidavit is insufficient to warrant a vacatur of the default judgment because it is unsubstantiated and conclusory. Plaintiff's counsel's affirmation also sets forth the procedural history of defendant's 2023 bankruptcy proceeding and alleges defendant's failure to provide necessary documents to his bankruptcy attorney resulted in dismissal of the bankruptcy petition and suggests due to defendant's "indifference" in that proceeding it would be an abuse of this Court's discretion to grant vacatur in this proceeding. (NYSCEF Doc. No. 21, ¶15) Plaintiff also claims defendant's application is untimely because this action commenced more than two years ago and defendant has demonstrated a "pattern of willful neglect and default". As discussed above, the application for vacatur is timely pursuant to CPLR §5015(a)(1).
Whether to vacate a default judgment "is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Sheber v Ashley Homes LLC, 224 AD3d 1136, 1137, 205 N.Y.S.3d 583 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Savanna II. v Joshua JJ., 226 AD3d 1125, 1126, 208 N.Y.S.3d 737 [3d Dept 2024]). "The reasonableness of the proffered excuse must be assessed based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Zoom Tan, Inc. v Monforte, 227 AD3d at 1237 [internal quotation marks and citations omitted]; see Matter of VW Credit, Inc. v Michael's Automotive Tech, 227 AD3d 1251, 1253, 211 N.Y.S.3d 595 [3d Dept 2024]). A court may "excuse delay or default resulting from law office failure" (CPLR 2005; see Historic Pastures Homeowners Assn., Inc. v Ace Holding, LLC, 167 AD3d 1389, 1391, 91 N.Y.S.3d 305 [3d Dept 2018]; Luderowski v Sexton, 152 AD3d 918, 920, 59 N.Y.S.3d 505 [3d Dept 2017]). Such failures are "generally liberally excused" (Nilt, Inc. v New York State Dept. of Motor Vehicles, 35 AD3d 937, 938, 826 N.Y.S.2d 471 [3d Dept 2006]).
Here, defendant's proffered excuse for the default was that he was under the impression that his former counsel was protecting his interests in this action. The record reflects that defendant's former attorney filed a Notice of Appearance in April 2023 and he remained the attorney of record until February 2025. The record also reflects no further filings or correspondence were received by the Court from defendant's former attorney beyond the Notice of Appearance. Specifically, no response was received from this attorney when the Court, on July 28, 2023, emailed the parties seeking an update on defendant's bankruptcy action. No response or opposition was received when the Court informed the parties, by letter dated December 19, 2024, of the new return date on plaintiff's motion, no response was received when the Court requested a proposed order from plaintiff and sought to schedule the inquest on damages. Additionally, plaintiff's counsel's affirmation dated May 8, 2023 states defendant's former attorney did not contact him regarding this pending litigation. (NSYCEF Doc. No. 6, ¶4)
Furthermore, nearly a month after the filing of the Notice of Appearance plaintiff moved for a default judgment and a week later, the Court received an email from plaintiff's attorney—not defendant's attorney—advising that he had received notice that defendant filed for Chapter 13 bankruptcy on May 11, 2023 and this action was stayed for at least thirty (30) days. This information advances defendant's assertion that his former counsel advised him an answer, at that time, was not necessary.
This record supports defendant's contention that his former attorney was not responsive to attempts to contact him during the pendency of the case and defendant was unaware of the judgment entered against him or the hearing on damages. Contrary to plaintiff's assertion, the Court does not find defendant's failure to file an answer or oppose the motion for default as demonstrative of a pattern of willful neglect by defendant.[FN1]
While defendant could have provided stronger support by way of an affirmation of his former counsel, this is not required, and the record lends credibility to defendant's assertion of neglect by his former counsel.
Plaintiff does not claim to have suffered any prejudice other than the passage of two years from the filing of the complaint and considering the strong public policy in favor of resolution on the merits, defendant has set forth a reasonable excuse for default based upon his former counsels inadvertence (Darling v Fernette, 234 AD3d 1230, 1232 [3d Dept 2025]). It is, however, a two-part test and defendant must also demonstrate a meritorious defense.
To establish a potentially meritorious defense, defendant need only to make a prima facie showing of legal merit. (Darling v Fernette, 234 AD3d 1230, 1230 [3d Dept 2025]) Here, defendant asserts the defense of impossibility of performance due to the COVID pandemic which caused a government shut down and difficulty in obtaining parts, as well as fraudulent misrepresentation by plaintiff as to the true condition of the boat.
The doctrine of impossibility of performance excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible (McLearen Sq. Shopping Ctr. Herndon, Va. LP v BadaNara, LLC, 208 AD3d 1034, 1034 [4th Dept 2022]). While recent court decisions have rejected attempts to invoke the doctrines of frustration of purpose or impossibility of performance based on government restrictions related to the COVID-19 pandemic, the defendant has failed to meet even the minimum threshold for such a defense, offering no details as to how the pandemic hindered his performance beyond conclusory and unsubstantiated statements. (e.g. Valentino U.S.A., Inc. v 693 Fifth Owner LLC, (70 Misc 3d 1218[A], 139 N.Y.S.3d 518, 2021 NY Slip Op 50119[U] [Sup Ct, New York County, Borrok, J.], aff'd — Misc 3d &mdash, 2022 NY Slip Op 01431 [1st Dept 2022]; CW A&P Mamaroneck LLC v PFM WC-1, LLC, 74 Misc 3d 1222[A], 2022 NY Slip Op 50203[U], [Sup Ct, Westchester County 2022]; (Ctr. for Specialty Care, Inc., 185 AD3d at 43; Gap Inc. v Ponte Gadea New York LLC, 20 CV 4541-LTS-KHP, 2021 U.S. Dist. LEXIS 42964, 2021 WL 861121, at 8 [SD NY Mar. 8, 2021]; Hugo Boss Retail v A/R Retail, 71 Misc 3d 1222[A], 2021 NY Slip Op 50458[U], *8-9 [Sup Ct, NY County 2021])
Lastly, defendant alleges plaintiff fraudulently misrepresented the true condition of the boat. CPLR §3016 (b) states that, "Where a cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." While such statute does not require "unassailable proof of fraud", there must be facts sufficient to permit a reasonable inference of a party's participation in a fraudulent scheme (Pludeman v N. Leasing Sys., Inc., 10 NY3d 486, 492 [2008]). Defendant conclusively states, "The Plaintiff misrepresented the condition of his vessel at the onset of the contract. I was hired to restore the bottom of the boat. When I began to perform the work, I learned that the boat was not in the condition that was described by the Plaintiff. The boat required far more work than the Plaintiff had originally contracted for" (NYSCEF Doc. No. 18, ¶31 through 34) Such perfunctory statements are insufficient to establish a defense of fraud.
Consequently, because the defendant failed to demonstrate the existence of a potentially meritorious defense to the action, he is not entitled to vacatur of the default in appearing or answering. 
Thus, having considered NYSCEF Document Nos. 1 through 3, 11, 17 through 22, it is hereby
ORDERED that defendant's motion to vacate its default judgment and to serve a late answer is denied, and it is further
ORDERED that plaintiff is no longer restrained from attempting to enforce said [*3]judgment against defendant, and it is further
ORDERED that any relief not specifically granted has nonetheless been considered and is denied.
The original of this Decision and Order has been e-filed by the Court. Counsel for plaintiff is hereby directed to serve a copy of the Decision and Order with notice of entry in accordance with CPLR §5513.
Dated: May 12, 2025
Lake George, New York
ROBERT J. MULLER, J.S.C.

Footnotes

Footnote 1:The Court declines to infer that because defendant failed to provide the necessary documents in the bankruptcy proceeding, he must have also willfully neglected his responsibilities in this proceeding.